1   KATHRYN LEE BOYD, ESQ. (SBN 189496)
        lboyd@srbr-law.com
2   RAJIKA L. SHAH, ESQ. (SBN 232994)
3   **SCHWARCZ, RIMBERG, BOYD & RADER, LLP**
    6310 San Vicente Boulevard, Suite 360
4   Los Angeles, California 90048
    Phone: (323) 302-9488
5   Fax: (323) 931-4990

6   TERRI MARSH, ESQ. (*pro hac vice* pending)
        terri.marsh@hrlf.net
7   BRIAN PIERCE, ESQ. (*pro hac vice* pending)
        bjpierca@gmail.com
8   **HUMAN RIGHTS LAW FOUNDATION**
9   1615 L Street NW, Suite 1100
    Washington, D.C.  20004
10  Phone: 202-369-4977
    Fax: 202-355-6701
11

12  Attorneys for PLAINTIFFS

13

14          **UNITED STATES DISTRICT COURT FOR THE**
            **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**
15

                    CV 11-02449

16                                          Case No._____  **PSG**
17  DOE I, DOE II, Ivy HE, DOE III, DOE
    IV, DOE V, DOE VI, ROE VII, Charles    **PLAINTIFFS' NOTICE OF MOTION AND**
18  LEE, ROE VIII, and LIU Guifu,          **MOTION TO COMMENCE AND PROCEED**
                                           **AS PSEUDONYMOUS PLAINTIFFS**
19              Plaintiffs,
                                           [DECLARATION OF TERRI MARSH, IN
20          vs.                            SUPPORT THEREOF AND [PROPOSED]
                                           ORDER FILED CONCURRENTLY HEREWITH]
21  CISCO SYSTEMS, INC., John
22  CHAMBERS, Thomas LAM, Owen             [COMPLAINT FILED CONCURRENTLY
    CHAN, and DOES 1-100,                  HEREWITH]
23
                Defendants.                Action Filed: May 19, 2011
24
25                                         Date:  To Be Determined

26

27

28

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2          NOTICE IS HEREBY GIVEN THAT on a date to be set once the case is assigned to a

3  District Judge, at the United States Courthouse, Robert F. Peckham Federal Building, 280 South

4  1st Street, San Jose, CA 95113, Plaintiffs DOE I, DOE II, DOE III, DOE IV, DOE V, DOE VI, as

5  well as ROE III, who is filing as Next Friend for Plaintiffs Does III and IV; ROE VII, who is

6  filing on behalf of DOE VII, who has disappeared; and ROE VIII, who is filing on behalf of the

7  now deceased DOE VIII, by and through their retained counsel, will and hereby do move to

8  commence and proceed in this action using pseudonyms. Owing to the nature of the allegations in

9  Plaintiffs' Complaint, DOE I, DOE II, DOE III, DOE IV, DOE V, DOE VI, the families of DOE

10  VII and DOE VIII, and ROE III, ROE VII and ROE VIII, justifiably fear acts of reprisal that

11  could, and in all likelihood would, result in severe physical and mental harm, and even death, to

12  them, their families, friends and colleagues. DOE III and DOE IV would be similarly at serious

13  risk of severe physical and mental harm, and even death to them, their families, friends and

14  colleagues, if ROE III is not permitted to file as their Next Friends anonymously, due to the

15  nature of the parties' relationships.

16          This Motion is based on this Notice of Motion and Motion, the Memorandum of Points

17  and Authorities and supporting declarations filed and submitted herewith, the pleadings and

18  papers filed in this action and any further evidence and argument that the Court may receive at or

19  before the hearing.

20  DATED: May 17, 2011                    Respectfully submitted,

21                                          SCHWARCZ, RIMBERG, BOYD &
                                            RADER, LLP
22

23                                          By: K. Lee Boyd / RCS
                                            K. Lee Crawford-Boyd
24                                          Attorney for Plaintiffs

25                                          Terri E. Marsh
                                            Attorney for Plaintiffs (*pro hac vice* pending)
26

27

28

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

## MEMORANDUM OF POINTS AND AUTHORITIES

## IN SUPPORT OF MOTION

### I.    INTRODUCTION

Plaintiffs DOE I, DOE II, DOE III, DOE IV, DOE V, DOE VI, DOE VII, DOE VIII, as well as ROE III, ROE VII, and ROE VIII (collectively, "Anonymous Plaintiffs") seek authorization from this Court to file their Complaint in the above-captioned matter as pseudonymous plaintiffs. ROE III seeks authorization from this Court to file the Complaint in the above-captioned matter as pseudonymous Next Friend on behalf of DOE III and DOE IV.[1] ROE VII brings the action as the representative of DOE VII, who disappeared and is presumed dead. ROE VIII brings the action as the survivor of DOE VIII. Owing to the serious nature of the allegations in the Complaint, Plaintiffs are justifiably concerned about possible and in all likelihood, probable, acts of reprisal that could inflict severe physical and mental harm, and even death, upon them, their families, friends and colleagues if their identities became known to Chinese authorities. *See* Declaration of Terri Marsh ("Marsh Decl.").

### II.    STATEMENT OF FACTS

Anonymous Plaintiffs are Chinese citizen believers of Falun Gong, a peaceful religious practice, who, through use of surveillance and tracking technology that Defendant Cisco Systems, Inc. ("Cisco") sold and tailored to the specific desires of the Chinese government, have been subjected to gross human rights violations by members of the Chinese Communist Party ("CCP") and Members of the Chinese Public Security. Complaint ¶ 1.

The Anonymous Plaintiffs all reside in the People's Republic of China ("China"). *See* Complaint ¶¶ 4-11, 13. All of the Plaintiffs for whom anonymity is sought used the Internet to practice their religion. *Id.* ¶ 41. A website known as "Minghui" plays a central role in facilitating the congregation of practitioners. *Id.* ROES VII and VII reside in China, and would be subjected

---

[1] *See* Plaintiffs' Notice of Motion and Motion to Commence and Proceed Through Appointed Next Friends and Declaration of Terri Marsh in Support Thereof filed concurrently with this Motion.

- 1 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

1   to severe forms of retaliation if their identities were revealed. Marsh Decl. ¶ 10. ROE III resides

2   outside of China, but his connections and relationships to DOE III and DOE IV, as well as others

3   currently residing in China, are such that his identity would put those individuals at risk. Marsh

4   Decl. ¶ 3. Furthermore, ROE III would be at greater risk if he returned to China if his identity

5   were disclosed. Marsh Decl. ¶¶ 4-8.

6          Since 1999, the Chinese Communist Party ("CCP") has attempted to purge China of Falun

7   Gong. *Id.* at ¶ 43. The CCP plan includes forcible conversion, torture, and forced labor amongst

8   other human rights violations. *Id.* at ¶ 44.

9          Defendant Cisco entered the Chinese market in the late 1990s, winning contracts to assist

10  in the design and development of the CCP's "Golden Shield" system – a database-driven remote

11  surveillance system. *Id.* at ¶¶ 52-59. Cisco, its CEO, John Chambers, and Cisco top-level

12  executives Thomas Lam and Owen Chan (collectively, "Defendants") had full knowledge that

13  this system was to be used by the CCP and Chinese Public Security officers to eavesdrop, tap and

14  intercept communications, identify, and track Plaintiffs as Falun Gong members for the specific

15  purpose of subjecting them to gross human rights abuses. *Id.* at ¶¶ 1, 60.

16         By 2007, Defendants had played a major role in high-level design and implementation of

17  Golden Shield in provinces across China, including provinces where each of the Plaintiffs in this

18  action resided. *Id.* at ¶ 74.

19         The Golden Shield technology, which Defendants assisted in constructing in full

20  collaboration with the Chinese Public Security and CCP, has enabled the persecution of Falun

21  Gong practitioners in all provinces in China where Golden Shield has been implemented and is

22  the primary means to identify Falun Gong believers who use the Internet in practicing their

23  religion. *Id.* at ¶ 106.

24         Owing to the ongoing persecution of all Falun Gong practitioners in China and the

25  continued relationship between Defendants and the CCP who because of Defendants' successful

26  implementation of Golden Shield technology are actively committing human rights abuses against

27  Falun Gong practitioners, the Anonymous Plaintiffs request that they be permitted to commence

28  and proceed with this action using pseudonyms.

- 2 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

III.   **ARGUMENT**

    A.   **The Prevailing Ninth Circuit Balancing Test Supports Anonymous Plaintiffs' Request to Proceed Under Pseudonyms**

The Ninth Circuit allows parties to "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity is 'necessary to protect a person from harassment, injury, ridicule, or personal embarrassment." *Advanced Textile Corp.*, 214 F.3d at 1067-1068 (quoting *United States v. Doe,* 655 F.2d 920, 922 n.1 (9th Cir. 1981) (pseudonyms used because prison inmate appellant faced a serious risk of bodily harm if his role as a witness was disclosed)). Courts may also "conceal[] parties' identities in order to protect them from retaliation by third parties and also to protect nonparties from reprisals." *Id.* at 1070 (emphasis added) (relying on *Doe v. INS,* 867 F.2d 285, 286 n.1 (6th Cir. 1989) (allowing asylum petitioner to use pseudonym in order to protect family in China from reprisals)).

"[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068 (emphasis added). Where anonymity is sought due to the risk of retaliatory physical or mental harm, the district court must weigh three factors affecting plaintiffs, including: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation, with the precise prejudice at each stage of the proceedings to opposing parties to determine if proceedings can be structured to mitigate the prejudice, and whether it is in the public's interest to require litigants to reveal their identity. *Id.* at 1068, 1069 (concluding no factors weighed against permitting plaintiff Chinese garment workers to proceed anonymously when they feared being fired from their jobs, deported from Saipan, and arrested upon their return to China).

None of these factors weigh against permitting the Anonymous Plaintiffs to proceeding under pseudonyms.

///

///

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

1.   <u>Anonymous Plaintiffs Are Vulnerable And Reasonably Fear Retaliation of</u>

<u>Specific Harm</u>

a.   The Threatened Harm is Severe

Anonymous Plaintiffs are under a <u>severe continuing threat of harm</u>. Anonymous Plaintiffs, through the assistance of Defendants' technology sold to China in connection with contracts with the CCP, have already been subjected to the most egregious human rights violations, some of which have already resulted in their untimely and premature death. *See* Marsh Decl. ¶ 2. The very allegations of the Complaint affirm that through the technology provided by Defendants to the CCP, Plaintiffs have been previously tracked and persecuted by the CCP. *See* Complaint ¶¶ 106-183, 198-214.  Those Falun Gong practitioners who have sought redress for Falun Gong in China have been subjected to even more severe forms of persecutory retaliation. *See* Marsh Decl. ¶¶ 2-12.

Thus, the threat of retaliatory harm is extremely high, and includes a high risk of death.

b.   The Anonymous Plaintiffs' Fears Of Harm Are Reasonable

Anonymous Plaintiffs' <u>fears are entirely reasonable</u>. Prior to filing this suit they had been subjected to grave human rights violations that have permanently mentally and physically harmed them. *See* Complaint ¶¶ 106-183, 198-214. Furthermore, the United States Department of State ("State Dept") has previously documented China's unqualified attempts to eradicate Falun Gong from the country. *See* Ex. A Marsh Decl. at 2, 3, 5, 7, 9, 13, 16, 17, 18; Ex. B Marsh Decl. at 3,4,7,17, 22. The State Dept. documents that "since 1999 more than 100,000 practitioners ha[ve] been sentenced to [reeducation through labor], and almost 3,000 ha[ve] been tortured while in custody." *See* Ex. A Marsh Decl. at 17.  Punishments for being a Falun Gong practitioner include prison, reeducation through labor, and confinement in mental institutions. *Id. See also* U.S. Department of State, *International Religious Freedom Report 2009, China (includes Tibet, Hong Kong, Macau),* October 26, 2009, http://www.state.gov/g/drl/rls/irf/2009/127268.htm, last accessed 10 May 2011 ("*2009 State Department Report*") (stating, "[t]he Government [] continue[s] to restrict severely the activities of groups it designated as "evil religions," including... Falun Gong" and documenting stories of repression of individual Falun Gong

- 4 -

1  practitioners); U.S. Department of State, *International Religious Freedom Report 2007, China*

2  *(includes Tibet, Hong Kong, Macau)*, September 14, 2007,

3  http://www.state.gov/g/drl/rls/irf/2007/90133.htm, last accessed 10 May 2011 ("*2007 State*

4  *Department Report*") (stating "Falun Gong practitioners continued to face arrest, detention, and

5  imprisonment, and there were credible reports of deaths due to torture and abuse."); *US*

6  *Department of State, 2006 Country Reports on Human Rights Practices, China (includes Tibet,*

7  *Hong Kong, and Macau)*, 6 March 2007, http://www.state.gov/g/drl/rls/hrrpt/2006/78771.htm,

8  last accessed 10 May 2011 ("*2006 State Department Report*") (cataloging beatings, deaths, and

9  disappearances of Falun Gong adherents)).

10      Therefore, Anonymous Plaintiffs' personal experiences coupled with international

11  recognition of the treatment of Falun Gong practitioners in China makes clear that if the

12  Anonymous Plaintiffs were forced to reveal their identities, they would be tracked, apprehended

13  and persecuted by the CCP. The Anonymous Plaintiffs reasonably fear retaliation by the CCP for

14  their involvement in an action that implicates the CCP's practice of committing human rights

15  abuses against Falun Gong practitioners in all parts of China.

16      Indeed, in *Doe v.Liu Qi,* this Court previously permitted Falun Gong practitioner plaintiffs

17  to proceed anonymously in an action alleging human rights abuses against the mayor of Beijing.

18  *See* 349 F.Supp.2d 1258 (N.D. Cal. 2004).

19      Each of the Anonymous Plaintiffs reside in China and have either been personally

20  subjected to torture and other inhumane treatment or are the survivors of individuals who have

21  died or disappeared after being subjected to torture and other inhumane treatment. ROE III has

22  close personal relationships with individuals, including Plaintiffs DOE III and DOE IV, who have

23  been subjected to torture and other inhumane treatment. *See* Complaint, ¶¶ 145, 153. Disclosure

24  of his identity would put those individuals at great risk of torture and would put himself at great

25  risk of torture were he ever to return to China.

26          c.   The Anonymous Plaintiffs Are Vulnerable to Retaliation

27      Anonymous Plaintiffs are <u>vulnerable to retaliation</u>. All Anonymous Plaintiffs continue to

28  reside in China, *see* Complaint, ¶¶ 4-12, 14, and they continue to be believers of Falun Gong. *Id.*

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

1  at ¶ 1. They have all been previously subjected to grave human rights violations. *Id.* at ¶ 2. CCP

2  policy is to eradicate Falun Gong from China. *Id.* at ¶¶ 43-51. Anonymous Plaintiffs are therefore

3  vulnerable to retaliatory acts by the CCP for their continuing beliefs and any public disclosure of

4  their identifying information will put them at even further risk. *See 2009 State Department*

5  *Report*; *2007 State Department Report*; *2006 State Department Report*.

6        2.   <u>Defendants and the Public Will Not Be Prejudiced</u>

7        Defendants will not be prejudiced if the Anonymous Plaintiffs – who are only a few of the

8  thousands of Falun Gong practitioners ubiquitously affected by the sale and programming of

9  Defendants' technology to China – are allowed at this time to proceed anonymously because it

10  will not impermissibly prevent Defendants from mounting a defense. *See e.g., Advanced Textile*

11  *Corp.*, 214 F.3d at 1072 (court determined that at the outset of the action, defendants were not

12  prevented from mounting a defense if they did not know the real names of the plaintiffs);

13  *E.E.O.C. v. ABM Industries Inc.*, 249 F.R.D. 588, 594 (E.D. Cal 2008) (court determined that

14  because plaintiffs established a serious risk of physical harm if their identities were disclosed and

15  because plaintiffs offered to stipulate to mechanism to provide Defendants opportunity to conduct

16  meaningful discovery, the need for anonymity was outweighed by any prejudice anonymity

17  would be to Defendants).

18        Here, Anonymous Plaintiffs have shown there is a serious risk of physical harm if their

19  identities are disclosed, and, as in *Advanced Textile Corp.* and *E.E.O.C.*, Defendants will not be

20  preventing from mounting a defense simply because some of the Plaintiffs are allowed to proceed

21  anonymously.

22        The <u>public likewise will not be harmed</u> at this stage if Anonymous Plaintiffs are allowed

23  to proceed under pseudonyms. In *Doe 130 v. Archdiocese of Portland in Oregon*, 2008 WL

24  656021 *5 (D. Oregon 2008), a suit for vicarious liability for sexual battery, the court determined

25  that "in seeing just resolution of future abuse actions, [the public interest] would be significantly

26  furthered by permitting this plaintiff to go forward anonymously." *See also E.E.O.C. v. ABM*

27  *Industries*, 249 F.R.D. 588 (E.D. Cal 2008) (court permitted eight intervening plaintiffs to

28  proceed anonymously because the need for their anonymity in a case alleging sexual harassment

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MOTION TO COMMENCE AND PROCEED WITH ACTION AS PSEUDONYMOUS PLAINTIFFS
Doe et al. v. Cisco et al.

1    and sexual crimes in a small community where they feared physical retaliation from Defendant

2    outweighed the public's interest in knowing their identities); *Roe v. Providence Health System-*

3    *OR,* 2007 WL 1876520, *4 (D. Or. 2007) (in a case alleging disability discrimination the court

4    "fail[s] to see . . . how disguising plaintiffs' identities will obstruct public scrutiny of important

5    issues in this case and the public has an interest in seeing this case decided on the merits"

6    (internal citations omitted)).

7         Similarly, in this matter, the public interest would be furthered by allowing this litigation

8    to go forward and protecting the Anonymous Plaintiffs' anonymity. This suit is meant to address

9    serious allegations of complicity by Defendants in grave human rights abuses against Falun Gong

10   practitioners in China such as Anonymous Plaintiffs.

11        Thus, on balance, the *Advanced Textile* factors weigh in favor of allowing Anonymous

12   Plaintiffs to commence and proceed with this action anonymously, in order to prevent reprisals

13   from third parties in this action. Accordingly, this Court should find that the Anonymous

14   Plaintiffs should be permitted to proceed under pseudonyms.

15   **B.**     **Other Courts in this Circuit Have Permitted Plaintiffs to Proceed**

16          **Anonymously When Human Rights Violations Were Alleged**

17        Additionally, numerous Courts in previous cases within this Circuit in which human rights

18   violations were alleged have allowed plaintiffs to proceed anonymously in order to protect them

19   from reprisal. *See e.g., Doe  v. Liu Qi,* 349 F.Supp.2d 1258 (N.D. Cal. 2004) (plaintiffs, Falun

20   Gong practitioners in China, proceeded anonymously in case against local Chinese government

21   officials accused of violating their human rights); *Doe v. Nestle,* 748 F.Supp.2d 1057 (C.D. Cal.

22   2010) (three John Doe plaintiffs allowed to proceed in suit against U.S. corporations alleging

23   forced labor and other violations of international law); *Doe I v. Unocal Corp.,* 27 F. Supp. 2d

24   1174 (C.D. Cal. 1998) (Doe plaintiffs proceeded in suit against U.S. corporations for human

25   rights violations committed by Burmese entities in furtherance of a joint venture gas pipeline).

26        Similar to those actions, the Complaint in this action alleges that Defendants, because of

27   their sale of particularized surveillance technology, are responsible for the commission of human

28   rights violations perpetrated against Anonymous Plaintiffs by the CCP. *See* Complaint, ¶ 1.

- 7 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MOTION TO COMMENCE AND PROCEED WITH ACTION AS PSEUDONYMOUS PLAINTIFFS
Doe et al. v. Cisco et al.

1  Defendants intentionally and purposefully designed, supplied, and helped to maintain a the

2  Golden Shield censorship and surveillance network knowing and intending that it would be

3  utilized by members of the CCP and Chinese Public Security officers to eavesdrop, tap and

4  intercept communications, identify, and track Plaintiffs as Falun Gong members for the specific

5  purpose of subjecting them to gross human rights abuses, including arbitrary arrest and detention,

6  torture, extrajudicial killing, and crimes against humanity. *See* Complaint ¶1. These human rights

7  violations inflicted upon Falun Gong practitioners have been the subject of U.S. government

8  inquiry and extensive reporting by international organizations. *See* Ex. A Marsh Decl. at 2, 3, 5,

9  7, 9, 13, 16, 17, 18; Ex. B Marsh Decl. at 3, 4, 7, 17, 22. Thus, the nature of the allegations

10  coupled with China's well-known history of brutally silencing dissent, *see* Ex. A Marsh Decl. at

11  2, 3, 5, 7, 9, 13, 16, 17, 18; Ex. B Marsh Decl. at 3, 4, 7, 17, 22, makes clear that the same

12  persecutory practices that have already subjected the Anonymous Plaintiffs and their families to

13  physical or mental harm will occur again if the court requires their identities to be disclosed.

14  **IV.    CONCLUSION**

15  For all the reasons listed above, Plaintiffs DOE I, DOE II, DOE III, DOE IV, DOE V,

16  DOE VI, DOE VII and DOE VIII, as well as ROE III, ROE VII, and ROE VIII request that this

17  Motion to Commence and Proceed as Pseudonymous Plaintiffs be granted.

18

19  DATED: May 17, 2011                    Respectfully submitted,

20                                         SCHWARCZ, RIMBERG, BOYD &
                                           RADER, LLP

21

22

23  By: K. Lee Boyd / rus

24        K. Lee Crawford-Boyd
          Attorney for Plaintiffs

25        Terri E. Marsh (*pro hac vice* pending)
26        Attorney for Plaintiffs

27

28

- 8 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048