KATHRYN LEE BOYD, ESQ. (SBN 189496)
lboyd@srbr-law.com
RAJIKA L. SHAH, ESQ. (SBN 232994)
rshah@srbr-law.com
**SCHWARCZ, RIMBERG, BOYD & RADER, LLP**
6310 San Vicente Boulevard, Suite 360
Los Angeles, CA 90048
Phone: (323) 302-9488
Fax: (323) 931-4990

TERRI MARSH, ESQ. (*pro hac vice* pending)
terri.marsh@hrlf.net
BRIAN PIERCE, ESQ. (*pro hac vice* pending)
bjpierce@gmail.com
**HUMAN RIGHTS LAW FOUNDATION**
1615 L Street, NW, Suite 1100
Washington, D.C. 20036
Phone: 202-369-4977
Fax: 202-355-6701

Attorneys for PLAINTIFFS

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

CV 11-02449 PSG

| | |
|---|---|
| DOE I, DOE II, Ivy HE, DOE III, DOE IV, DOE V, DOE VI, ROE VII, Charles LEE, ROE VIII, and LIU Guifu,<br><br>Plaintiffs,<br><br>vs.<br><br>CISCO SYSTEMS, INC., John CHAMBERS, Thomas LAM, Owen CHAN, and DOES 1-100,<br><br>Defendants. | Case No. _____<br><br>**PLAINTIFF DOE III AND DOE IV'S NOTICE OF MOTION AND MOTION TO COMMENCE AND PROCEED THROUGH APPOINTED NEXT FRIEND**<br><br>[DECLARATIONS OF TERRI MARSH AND ROE III IN SUPPORT THEREOF AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]<br><br>[COMPLAINT FILED CONCURRENTLY HEREWITH]<br><br>Action filed: May 19, 2011<br><br>Hearing Date: To Be Determined |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on a date and time to be set once the case is assigned to a District Judge, at the United States Courthouse, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Plaintiffs DOE III and DOE IV, by and through their retained counsel, will move to commence and proceed in this action through an appointed next friend. DOE III is currently in prison in the People's Republic of China ("China") and therefore cannot proceed on his own behalf. DOE IV was in prison in China until recently and is now under round-the-clock supervision and monitoring. ROE III, a close personal friend of both DOE III and DOE IV, received authorization from DOE IV and from an authorized agent of DOE III to proceed with this case on their behalf.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and supporting Declarations filed and submitted herewith, the pleadings and papers filed in this action, and any further evidence and argument that the Court may receive at or before the hearing.

DATED: May 17, 2011

Respectfully submitted,
SCHWARCZ, RIMBERG, BOYD & RADER, LLP

By: K. Lee Boyd / RLS

K. Lee Crawford-Boyd, Esq.
Attorney for Plaintiffs

Terri E. Marsh, Esq.
Attorney for Plaintiffs (*pro hac vice* pending)

SCHWARCZ, RIMBERG, BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

- 1 -
PLAINTIFFS' MOTION TO COMMENCE AND PROCEED THROUGH APPOINTED NEXT FRIEND
Doe et al. v. Cisco et al.

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF MOTION

## I. INTRODUCTION

Plaintiffs designated Does III and IV in the above-captioned matter respectfully request this Court's permission to proceed through their appointed next friend, Roe III.[1] Doe III is currently in prison in China and therefore cannot proceed on his own behalf. Doe IV was released from prison very recently and is under round-the-clock surveillance and monitoring and therefore cannot proceed on his own behalf. Roe III, a long-time close personal friend of both Does III and IV, has received permission from them to proceed with this case on their behalf.

## II. ARGUMENT

### A. Does III And IV Warrant Next Friend Status

"A 'next friend' does not himself become a party to the . . . action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Padilla v. Rumsfeld,* 352 F.3d 695, 703 (2d Cir. 2003) (rev'd on other grounds by 124 S.Ct. 2711 (2004)) (quoting *Whitmore v. Arkansas,* 495 U.S. 149, 163 (1990)).

There are two "firmly rooted prerequisites" for next friend standing: first, a next friend must provide an adequate explanation for why the real party in interest cannot appear on his or her own behalf, such as inaccessibility, and second, the next friend must be truly dedicated to the best interests of the person on whose behalf he or she seeks to litigate and must have some significant relationship with the real party in interest. *Whitmore,* 495 U.S. at 163-64.

#### 1. Does III And IV Are Unable To Appear On Their Own Behalf

Courts have not had difficulty finding that plaintiffs are unable to appear on their own behalf when they are in prison and incommunicado. *See e.g., Padilla,* 352 F.3d at 700, 704 ("[t]here is no dispute that Padilla is unable to file a petition on his own behalf, he is being held incommunicado" when plaintiff 'enemy combatant' had been held in detention for eighteen

---

[1] Plaintiffs Doe III and Doe IV, and Roe III also seek independent Court approval to commence and proceed in this action as pseudonymous plaintiffs. *See* Plaintiffs' Notice of Motion and Motion to Commence and Proceed as Pseudonymous Plaintiffs and Declaration of Terri Marsh in Support Thereof filed concurrently with this Motion.

- 2 -

PLAINTIFFS' MOTION TO COMMENCE AND PROCEED THROUGH APPOINTED NEXT FRIEND
Doe et al. v. Cisco et al.

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

months and was not permitted contact with counsel, family or other military personnel); *Al Odah v. U.S.*, 321 F.3d 1134 (D.C. Cir. 2003) (parents permitted to act as next friends in order to file *habeas corpus* petitions on behalf of children detained by the U.S. government at the U.S. Naval Base at Guantanamo Bay, Cuba), *see also United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13 n. 3 (1955) (prisoner's sister allowed to bring *habeas corpus* proceeding while he was held in Korea).

Additionally, parties in interest have been determined to be inaccessible where they were held in a prison that was "locked down." *See Warren v. Cardwell*, 621 F. 2d 319 (9th Cir. 1980) (court allowed the prisoner's attorney, retained by prisoner's wife, to file a *habeas* petition in his own name on behalf of the prisoner).

Here, Doe III is being detained in prison in China. Decl. of Roe III ("Roe III Decl.") ¶ 3; Complaint ¶ 144. He is currently being held in a secure facility where contact is severely restricted. Roe III Decl., ¶ 4. Doe III is virtually incommunicado because Chinese officials limit their availability to visitors. Roe III Decl. ¶¶ 4.

Doe IV was detained in a security facility in China until recently. Roe III Decl., ¶ 8. Doe IV is now under round-the-clock surveillance and monitoring by Chinese security. Roe III Decl. ¶ 9. Access to DOE IV is extremely limited for that reason. *Id.*

Therefore, Does III and IV are clearly inaccessible to the Court in such a way that they are unable to appear on their own behalf.

    2. <u>Roe III, A Close Friend, Is Truly Dedicated To The Interests Of Does III And IV</u>

Courts have regularly found that parents and attorneys are truly dedicated to the interests of the real party in interest such that they are allowed to act as next friends. *See, e.g, Vargas v. Lambert*, 159 F.3d 1161, 1168 (9th Cir. 1998) ("[t]here is essentially a per se rule that a parent meets this prong of the next friend standing test."); *Padilla*, 352 F.3d at 703-704 (court found that notwithstanding the short duration of the attorney-client relationship – less than one month before further contact was prohibited – plaintiff's attorney was truly dedicated to his interests because she filed motions on his behalf, challenged his confinement and met with his family); *Quarles*,

- 3 -

SCHWARCZ, RIMBERG, BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MOTION TO COMMENCE AND PROCEED THROUGH APPOINTED NEXT FRIEND
Doe et al. v. Cisco et al.

350 U.S. at 13 n.3 (sister's relationship to her brother was satisfactory for next friend status); *see also Warren*, 621 F.2d at 321 n. 1 (prisoner's attorney filed habeas petition in his own name on behalf of prisoner); *Hamdi*, 294 F.3d at 600 n. 1 (father of Guantanamo Bay detainee son found to be truly dedicated to the interests of his son).

Like a parent or other close family member, Roe III is committed to the best interests of Doe III. Roe Decl. ¶¶ 5-7. Roe III and Doe III have been very close friends since 1998. Roe Decl. ¶ 5. After the onset of the persecution of Falun Gong in June 1999. Roe III and Doe III spent time together exposing the facts of the persecutory campaign to people in China. Roe Decl. ¶ 6.

Roe III, after being made aware of the concept of next friend representation for Doe III, stated that he clearly understood the responsibility and expressed his desire to act as next friend for Doe III. Marsh Decl. ¶ 4; Roe Decl. ¶ 18. Roe III is willing to speak with Plaintiffs' counsel on a regular basis as Doe III's representative. Marsh Decl. ¶ 5; Roe Decl. ¶ 19.

Roe III is also dedicated to the best interests of Doe IV. Roe III is a long-time friend of Doe IV, and has previously sought legal assistance on behalf of Doe IV in attempt to free Doe IV from prison. Roe Decl. ¶ 6. Roe III, after being made aware of the concept of next friend representation for Doe IV, stated that he clearly understood the responsibility and expressed his desire to act as next friend for Doe IV. Marsh Decl. ¶ 4-6; Roe Decl. ¶ 18. Roe III is willing to speak with Plaintiffs' counsel on a regular basis as Doe IV's representative. Marsh Decl. ¶ 5; Roe Decl. ¶ 19.

Moreover, it is not possible for the family members of Doe III and Doe IV to act as their next friends, because their families are also located in China and would be in grave danger of retaliation by the Chinese government if their activities became known. Roe Decl. ¶ 15. Therefore Roe III, as a long-time close friend to both Doe III and Doe IV, seeks to act on their behalf in this case.

**B.   The Underlying Goals Of *Whitmore* Support Roe III's Application For Next Friend Standing**

"[T]he concept of 'next friend' standing . . . has long been an accepted basis for

- 4 -

PLAINTIFFS' MOTION TO COMMENCE AND PROCEED THROUGH APPOINTED NEXT FRIEND
Doe et al. v. Cisco et al.

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

jurisdiction in certain circumstances." *Whitmore,* 495 U.S. at 162. While next friends are often used in *habeas corpus* proceedings, *see, e.g., Rohan ex rel. Gates v. Woodford,* 334 F.3d 803, 806-807 (9th Cir. 2003), U.S. courts have approved next friend standing outside of the *habeas* context for plaintiffs who are otherwise considered legally incompetent, such as minors or those suffering from mental illness. *Id.* at 163 (relying on *Garnett v. Garnett,* 114 Mass. 379 (1874) (next friend may bring action for divorce on behalf of insane person); *Campbell v. Campbell,* 242 Ala. 141 (1941) (relying in part on English law allowing next friends to represent persons of "unsound mind" in law suits, court found next friend could bring action for divorce on behalf of insane person in United States); *Blumenthal v. Craig,* 81 F. 320, 321-322 (CA3 1897) (next friend was permitted by court to prosecute personal injury by fleshing machine on behalf of the plaintiff, who was a minor); *Baltimore & Ohio R. Co. v. Fitzpatrick,* 36 Md. 619 (1872) (next friend was admitted by court to prosecute personal injury action on behalf of the plaintiff, who was a minor)).

In the same way that courts have protected minors and those suffering from mental illness by considering them legally incompetent, laws also safeguard the interests of plaintiffs who are incarcerated through means not afforded incarcerated persons. *See e.g.,* Cal. Code. Civ. P. § 352.1 (the "disability" of imprisonment tolls statutes of limitations for actions prisoner would otherwise be entitled to bring).

In this instance, Doe III, a political prisoner detained in a secure facility in China and Doe IV, a recently released prisoner still under round-the-clock supervision, are unable and therefore are incompetent to appear on their own behalf, and thus their appearance through their next friend Roe III is warranted.

///
///
///
///
///
///

- 5 -
PLAINTIFFS' MOTION TO COMMENCE AND PROCEED THROUGH APPOINTED NEXT FRIEND
Doe et al. v. Cisco et al.

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

### III. <u>CONCLUSION</u>

For these reasons and such other reasons as may appear just to the Court, plaintiffs Doe III and Doe IV request that the Court grant this motion and allow them to commence and proceed in this action through their next friend, Roe III.

DATED: May ___, 2011

Respectfully submitted,
SCHWARCZ, RIMBERG, BOYD & RADER, LLP


By: *K. Lee Boyd /RLS*
K. Lee Boyd
Attorney for Plaintiffs

Terri E. Marsh
Attorney for Plaintiffs
To be admitted *pro hac vice*

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

- 6 -
PLAINTIFFS' MOTION TO COMMENCE AND PROCEED THROUGH APPOINTED NEXT FRIEND
Doe et al. v. Cisco et al.