**quinn emanuel** trial lawyers | new york
51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL: (212) 849-7000 FAX: (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7327**

WRITER'S INTERNET ADDRESS
kathleensullivan@quinnemanuel.com

June 27, 2011

**VIA ECF**

Hon. Jeremy Fogel
United States District Court
Northern District of California
280 South 1st Street
San Jose, CA 95113

Re:   *Doe v. Cisco Systems, Inc. et al.*, Case No. 5:11-cv-02449-JF-PSG

Dear Judge Fogel:

  We represent Defendants in the above-listed action. We write in response to Plaintiffs' two pending motions (Dkt. 2 and 5) to file anonymously and, in the case of two plaintiffs, to file by a next friend who in turn is also proposed to be anonymous. Defendants reserve their rights to oppose these motions in whole or in part but respectfully suggest that any hearing on these motions be postponed until after the Court decides upon Defendants' forthcoming motion to dismiss. Such an approach would best serve the interests of judicial economy, avoid the need for potentially wasteful motion practice, and pose no risk of prejudice to any party. Defendants have conferred with Plaintiffs to seek their consent to this proposal, but they have declined, and have set those motions for hearing on July 29, 2011 (with opposition and reply briefs therefore due on July 8 and 15). Accordingly, Defendants hereby respectfully request an administrative order deferring briefing and argument on the anonymity and next friend motions until after resolution of the motion to dismiss.

  By way of background, the Complaint, filed May 19, 2011, alleges that Plaintiffs are practitioners of Falun Gong; that the government of China persecuted the Plaintiffs in an effort to suppress Falun Gong; and that the Defendants are secondarily liable for this alleged wrongdoing by virtue of having sold internet routers and related equipment and services in China. The complaint asserts novel and complex claims under international law pursuant to the Alien Tort Statute, in addition to other statutory and common law claims. Defendants intend to move for

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

dismissal of the Complaint on the grounds that it is factually baseless, legally unsound, and inappropriate for resolution by this or any other United States-based court. Defendants' motion to dismiss will be filed and served by August 4, 2011, by stipulation of the Parties (Dkt. 25).

The two motions at issue here were filed by the Plaintiffs on May 19, 2011, simultaneously with the commencement of this action. The first motion (Dkt. 5), seeks leave to "Commence and Proceed Through Appointed Next Friend," on the basis that two of the plaintiffs are purportedly unable to personally prosecute their claims. The proposed "next friend" is not a family member of the two plaintiffs, but purports to be their good friend. As to one of the plaintiffs, the proposed "next friend" has not received the plaintiff's authorization to proceed, but instead has purportedly received authorization from an unspecified "agent" of that plaintiff.

The second motion (Dkt. 2) seeks leave to "Commence and Proceed as Pseudonymous Plaintiffs" — *i.e.*, to conceal the Plaintiffs' names from the Court, the Defendants, and the public, in order to preclude what the Plaintiffs characterize as potential reprisal if their identities or the identities of their proposed "next friend" is disclosed. Plaintiffs have sought to set these motions for hearing on July 29, 2011.[1]

For the reasons set forth below, briefing and argument on Plaintiffs' next friend and anonymity motions should be deferred until after the resolution of Defendants' forthcoming motion to dismiss the Complaint. Such a course would pose no risk of prejudice to the Plaintiffs, would serve the interests of judicial economy, and would avoid prejudicing Defendants with premature, expensive, and potentially wasteful motion practice.

*First*, deferring consideration of the Plaintiffs' motions will in no way prejudice the Plaintiffs. Defendants have no objection to permitting the Plaintiffs to proceed anonymously and through next friends from now through the date of a decision on Defendants' motion to dismiss. 'If the Complaint or any portion of the Complaint survives dismissal and Defendants elect to contest the anonymity and next friend motions at that stage, there will be ample time to resolve those objections. Resolving the next friend and anonymity motions would in no way prejudice the Plaintiffs, who will be able to proceed anonymously and/or by next friend until that stage.

*Second*, addressing Plaintiffs' motions now would require the Court to resolve difficult and contested issues that will become moot if Defendants' motion to dismiss is granted. As this Court is aware, the Ninth Circuit applies a strong presumption that litigation is to be conducted publicly and in the plaintiffs' own names pursuant to F.R.C.P 10(a) ("[t]he title of the complaint must name all the parties"), and exceptions to that rule are to be sparingly granted and only on particularized and factually supported allegations of imminent likely retaliation, reprisal or other harm that will result from proceeding in a plaintiff's own name. *See Doe v. Kamehameha Schools*, 596 F.3d 1036, 1043-44 (9th Cir. 2010), *cert. denied* 131 S.Ct. 2448 (2011); *Does v.*

---

[1] As required by the San Jose Judges' Standing Order Regarding Case Management in Civil Cases, Plaintiffs initially proposed to Defendants that the motions be set for hearing on July 29, 2011. Defendants objected to that proposal. On June 21, Plaintiffs nonetheless set the motions for a July 29 hearing.

*Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). Next friend motions also face significant barriers. *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990) ("The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court."). If the Plaintiffs' anonymity and best friend motions are briefed and argued now, the parties and the Court will be drawn into complex factual disputes and difficult legal questions concerning, for example, (a) whether Plaintiffs' generalized fear of possible reprisal is sufficient to warrant anonymous treatment; (b) whether Plaintiffs are truly unable to prosecute their claims on their own behalf; (c) whether Plaintiffs' proposed next friends (including unidentified "agents" of several of the Plaintiffs) truly have authority to proceed on their behalf; (d) whether these proposed next friends ought to be permitted to proceed on the Plaintiffs' behalf as a legal matter; and (e) the propriety of Plaintiffs' request for multiple layers of anonymity, which if granted would preclude the Court and the Defendants not only from learning the identities of the Plaintiffs (itself a disfavored result under 9th Circuit precedent), but also from learning even the identities of the "next friend" who seeks to act on behalf of these anonymous Plaintiffs. All of these complex and difficult issues will become moot if the Defendants' motion to dismiss is granted — and in that event, the time and energy spent by the Court assessing them, and the burden and expense to the parties and attendant stress to the Plaintiffs, would have been for no purpose. There is no reason for the Court to examine these issues until after there has been a threshold determination that the Complaint states cognizable claims.

Accordingly, Defendants respectfully request an administrative order deferring consideration of Plaintiffs' motions to proceed anonymously (Dkt. 2) and by next friend (Dkt. 5), until a date following resolution of Defendants' forthcoming motion to dismiss the Complaint. If the Court denies the foregoing request, Defendants in the alternative respectfully request that the hearing date on Plaintiffs' anonymity and next friend motions be set on a date no earlier than September 2011, so that Defendants are not required to brief those motions simultaneously with the motion to dismiss currently scheduled to be served on August 4, 2011.

Respectfully submitted,

/s/ Kathleen Sullivan

Kathleen M. Sullivan