DAVID SCHWARCZ***
ROBERT RIMBERG**
KATHRYN LEE BOYD*
ROB RADER

KLARY PUCCI, OF COUNSEL
PROF. MICHAEL J. BAZYLER,
  OF COUNSEL

JEFF NEIDERMAN, ASSOCIATE
RAJIKA L. SHAH, ASSOCIATE
SHERLI SHAMTOUB, ASSOCIATE*
KRISTEN L. NELSON, ASSOCIATE

  * Also Admitted in NY
 ** Admitted only in NY
***Also Admitted in NY and NJ

**SCHWARCZ, RIMBERG, BOYD & RADER, LLP**
6310 SAN VICENTE BOULEVARD
SUITE 360
LOS ANGELES, CALIFORNIA 90048

115 Broadway
Third Floor
New York, NY 10006
(212) 697-3250

TELEPHONE
LOCAL (323) 302-9488
FACSIMILE (323) 931-4990

July 1, 2011

**Via ECF**

The Honorable Jeremy Fogel
United States District Court
Northern District of California
280 South 1st Street
San Jose, California 95113

Re:   Opposition to Defendants' Administrative Motion Regarding Plaintiffs' Motions To
      Commence and Proceed as Pseudonymous Plaintiffs and Through Appointed Next Friend
      *Doe 1 et al. v. Cisco Systems, Inc. et al.,* Case No. 5:11-cv-02449-JF-PSG

Dear Judge Fogel:

Plaintiffs respond in opposition to Defendants' letter brief in support of its Administrative Motion dated June 27, 2011 ("Letter"). As an initial matter, Defendants consent to permitting Plaintiffs to proceed anonymously and through next friends through the date of a decision on Defendants' expected motion to dismiss. Accordingly, Plaintiffs hereby have no objection to the continuance of the July 29, 2011, hearing on those matters until after the disposition of the motion to dismiss, on the condition that an order be entered now granting full anonymity to Does and permitting Roes to proceed as next friends, as consented to by Defendants. A Proposed Order is attached hereto pursuant to Civil Local Rule ("L.R.") 7-11(b).

In the alternative, if this Court is not inclined to grant full anonymity to Does and/or to permit Roes to proceed as next friends until a decision and order on the motion to dismiss, as is agreed to by all parties, Plaintiffs respectfully request that the July 29, 2011, hearing stand.

It is worth noting that Defendants' Administrative Motion filed as a letter is improper for a number of procedural and substantive reasons. First, procedurally, Defendants violated L.R. 7-4(c), by failing to provide prior notice to Plaintiffs. Counsel for Plaintiffs was first contacted by counsel for Defendants on June 29, two days after the Letter was filed, and only at that time were Plaintiffs informed that the Letter was intended to be an administrative motion. *See* Declaration of Rajika Shah ("Shah Decl.") at ¶ 9. In addition, Defendants' Administrative Motion does not

- 1 -

SCHWARCZ, RIMBERG, BOYD & RADER, LLP
Hon. Jeremy Fogel
July 1, 2011

conform to the requirements of L.R. 7-11(a), which specifically states that administrative motions "must be accompanied by a proposed order and by either a stipulation under L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." Thus the Letter is not supported by any evidence whatsoever. *See* L.R. 7-5 (requiring factual contentions made in support of a motion to be supported by an affidavit or declaration which "must avoid conclusions and argument."). Finally, contrary to Defendants' unsupported factual assertion, Plaintiffs met and conferred with Defendants on numerous occasions regarding the July 29 hearing date on Plaintiffs' Motion To Commence and Proceed as Pseudonymous Plaintiffs ("Motion To Proceed Anonymously") and Motion To Commence and Proceed Through Appointed Next Friend ("Motion To Proceed Through Next Friend") (together, "Motions"). Shah Decl. at ¶¶ 2-6. On none of those occasions, even when specifically asked, did Defendants represent that a hearing date of July 29 would cause them <u>undue prejudice</u>, as is required by the San Jose Judges' Standing Order Regarding Case Management in Civil Cases. *Id.* Rather, Defendants simply sidestepped the question by attempting to secure Plaintiffs' agreement to move the hearing date. *Id.* Defendants have never indicated that they are unavailable to attend a hearing on July 29. *Id.* Indeed, Defendants' own Letter does not even contend that a hearing date of July 29 would cause them undue prejudice. *See* Letter, Docket Entry ("DE") 29.

Substantively, Defendants attempt to paint in broad strokes both Plaintiffs' complaint and their Motions as raising "complex claims," Letter at 1, and "complex factual disputes," Letter at 3. However, this matter is uncomplicated. In particular, resolving the question of anonymity is not as onerous as Defendants suggest given that this Circuit's standard for considering such motions is well developed. *See Doe v. Kamehameha Sch.,* 596 F.3d 1036, 1044 (9th Cir. 2010) (citing *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1071 (9th Cir. 2000), for the proposition that "physical harm presents the paradigmatic case for allowing anonymity"). Coupled with the well-documented grave physical harms that Plaintiffs face, *see* U.S. Dept. of State's 2009 and 2010 Human Rights Reports on China ("Human Rights Reports"), Ex. A and B to Decl. of Terri Marsh in support of Motion to Proceed Anonymously, DE 4; Motion to Proceed Anonymously, DE 2 at 5:1-9, disposition of the Motions at this time raises no novel or complicated issues.[1]

---

[1] Courts in Alien Tort Statute cases routinely allow plaintiffs to proceed anonymously from the filing of the complaint through at least the jurisdictional ruling. *See, e.g., Doe v. Nestle, S.A.*, 748 F. Supp. 2d 1057 (C.D. Cal. 2010); *Doe I v. Liu Qi,* 349 F. Supp. 2d 1258 (N.D. Cal. 2004); *Doe v. Saravia,* 348 F. Supp. 2d 1112 (E.D. Cal. 2004); *Doe I v. Reddy,* 2003 U.S. Dist. LEXIS 26120 (N.D. Cal. Aug. 4, 2003); *Doe I v. Unocal Corp.,* 963 F. Supp. 880 (C.D. Cal. 1997); *see also Doe v. Constant,* 354 Fed. Appx. 543 (2d Cir. 2009); *Doe v. Exxon Mobil Corp.,* 473 F.3d 345 (D.C. Cir. 2007); *Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88 (2d Cir. 2000); *James v. Jacobson,* 6 F.3d 233 (4th Cir. 1993); *Kadic v. Karadzic,* 70 F.3d 232 (2d Cir. 1995); *Yousuf v. Samantar,* Civ. No. 1:04-1360 (E.D. Va. Jan. 7, 2005); *Chavez v. Carranza,* 407 F. Supp. 2d 925 (W.D. Tenn. 2004); *Xuncax v. Gramajo,* 886 F. Supp. 162 (D. Mass. 1999); *Doe I v. Islamic Salvation Front,* 993 F. Supp. 3 (D.D.C. 1998); *Doe v. Shakur,* 164 F.R.D. 359, 360-61 (S.D.N.Y. 1996); *Doe v. Bell Atl. Sys. Serv., Inc.,* 162 F.R.D. 418 (D. Mass. 1995); *Doe v. United Servs. Life Ins.,* 123 F.R.D. 437 (S.D.N.Y. 1988); *Doe v. Hallock,* 119 F.R.D. 640, 642-43 (S.D. Miss. 1987).

SCHWARCZ, RIMBERG, BOYD & RADER, LLP
Hon. Jeremy Fogel
July 1, 2011

In fact, numerous federal courts have expressed specific concern for the human rights abuses that Chinese plaintiffs would face at the hands of the Chinese government if their names were released in connection with their lawsuit. *See Advanced Textile,* 214 F.3d at 1071 (stating "the government of China has the ability to arrest and imprison its citizens… The fact that the Chinese government has punished workers for complaining about their working conditions abroad also bolsters the reasonableness of plaintiffs' fears."); *see also Doe I v. Liu Qi*, 349 F. Supp. 2d 1258, 1294-95 (N.D. Cal. 2004) (acknowledging and citing Department of State letter regarding Chinese government abuse and mistreatment of Falun Gong practitioners); *Doe v. INS, United States Dep't of Justice,* 867 F.2d 285 (6th Cir. 1989) (allowing asylum petitioner to use pseudonym in order to protect family in China from reprisals). These concerns are present to an even greater degree here given that Falun Gong practitioners face particularized, extraordinary abuses that few other groups in China face. *See* Human Rights Reports, Ex. A and B to Decl. of Terri Marsh in support of Motion to Proceed Anonymously, DE 4.

Significantly, each Plaintiff that now seeks to proceed anonymously has been tortured and persecuted for openly practicing and/or defending Falun Gong in the past. Complaint at ¶¶ 5-15, 113-214. As such, there is little room for speculation that Plaintiffs would not be subjected to those same forms of persecution should their identities be connected to this case. Plaintiffs were vulnerable to these reprisals in the past and they remain so now. Defendants' assertion of the complexity of this matter simply strains credulity.

Accordingly, there is no substantively valid reason for this Court to administratively move the hearing date of the Motions, as Plaintiffs are entitled to the Court's determination as to whether they may proceed anonymously and through next friends even at this early stage of the litigation. *See Advanced Textile,* 214 F.3d at 1064, 1068 (9th Cir. 2000) (plaintiffs filed a cross-motion requesting to proceed anonymously at the time defendants filed a motion to dismiss, in part for plaintiffs' failure to include their true names in the complaint); *E.E.O.C. v. ABM Industries*, 249 F.R.D. 588, 589-590 (E.D. Cal 2008) (anonymity was requested at the time plaintiffs filed motion for leave to intervene, one month after the initial complaint was filed); *Doe 130 v. Archdiocese of Portland in Oregon*, 2008 WL 656021 at \*5 (D. Oregon 2008) (the court considered plaintiff's anonymity in connection with a motion to dismiss that alternatively requested the court to order plaintiff to reveal his name if the motion to dismiss was denied).

Moreover, although Defendants claim they would suffer prejudice if the Motions were heard on July 29, *see* Letter at 2, the Court is required to "determine the precise prejudice <u>at each stage of the proceedings</u> to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Advanced Textile,* 214 F.3d at 1068 (emphasis added); *see also Liu Qi*, 349 F. Supp. at 1294-95; *INS, United States Dep't of Justice,* 867 F.2d at 285.

In sum, Plaintiffs do not seek to create unnecessary work on the part of both sides or undue work from the Court with these Motions as suggested in the Letter. Indeed, Defendants have already conceded that they do not oppose Plaintiffs' July 29 Motions. *See* Letter at 2 (stating that "Defendants <u>have no objection</u> to permitting the Plaintiffs to proceed anonymously and through next friends from now through the date of a decision on Defendants' motion to dismiss.") (emphasis added). Since that is the case, Defendants' proper course of action should have been to simply file a statement of non-opposition. Instead, they have asked this Court and Plaintiffs to expend unnecessary time and resources on this administrative motion, when

SCHWARCZ, RIMBERG, BOYD & RADER, LLP
Hon. Jeremy Fogel
July 1, 2011

Plaintiffs are entitled to a determination on their Motions to proceed anonymously and through next friends at this stage of the proceedings and binding case law clearly allows this Court to revisit those questions at a later stage if necessary. *See Advanced Textile*, 214 F3d at 1068.

Accordingly, Plaintiffs request this Court grant the Proposed Order; or in the alternative permit the July 29 hearing to proceed as scheduled.

Respectfully submitted,

K. Lee Boyd /rcs

K. Lee Boyd, Esq.
SCHWARCZ RIMBERG BOYD & RADER, LLP

Terri M. Marsh /rcs

Terri M. Marsh, Esq.
HUMAN RIGHTS LAW FOUNDATION