KATHRYN LEE BOYD, ESQ. (SBN 189496)
   lboyd@srbr-law.com
RAJIKA L. SHAH, ESQ. (SBN 232994)
   rshah@srbr-law.com
**SCHWARCZ, RIMBERG, BOYD & RADER, LLP**
6310 San Vicente Boulevard, Suite 360
Los Angeles, CA 90048
Phone: (323) 302-9488
Fax: (323) 931-4990

TERRI MARSH, ESQ. (*pro hac vice*)
   terri.marsh@hrlf.net
BRIAN PIERCE, ESQ. (*pro hac vice*)
   bjpierce@gmail.com
**HUMAN RIGHTS LAW FOUNDATION**
1615 L Street, NW, Suite 1100
Washington, D.C. 20036
Phone: 202-369-4977
Fax: 202-355-6701

Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DOE I, DOE II, Ivy HE, DOE III, DOE IV, DOE V, DOE VI, ROE VII, Charles LEE, ROE VIII, and LIU Guifu,<br><br>          Plaintiffs,<br><br>    vs.<br><br>CISCO SYSTEMS, INC., John CHAMBERS, Thomas LAM, Owen CHAN, and DOES 1-100,<br><br>          Defendants. | Case No. 5:11-cv-02449-JF<br><br>Assigned to the Honorable Jeremy Fogel, U.S.D.J.<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF PENDENCY OF RELATED ACTION OR PROCEEDING**<br><br>Action filed: May 19, 2011<br>Scheduling Conference: August 26, 2011, 10:30am<br>Courtroom: 3, 5th Floor |

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE
OF PENDENCY OF RELATED ACTION OR PROCEEDING
Case No. 5:11-cv-02449-JF

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

On May 19, 2011, Doe I, Doe II, Ivy HE, Doe III, Doe IV, Doe V, Doe VI, Roe VII, Charles LEE, Roe VIII, and LIU Guifu, (collectively "Plaintiffs") filed suit against Cisco Systems, Inc., John CHAMBERS, Thomas LAM, and Owen CHAN (collectively "Defendants") in the above-captioned case. *See* Complaint, Docket Entry ("DE") 1. Defendants in their July 21, 2011 Notice of Pendency of Related Action or Proceeding ("Notice") erroneously attempt to characterize this suit as "involv[ing] all or a material part of the same subject matter" as that of an entirely factually and legally distinguishable case filed on June 6, 2011 in the District of Maryland, *Daobin et al. v. Cisco Systems et al.,* Case no. 8:11-cv-01538-PJM.[1] Notice, DE 38 at 2:3-4. Although the above-captioned case shares some obvious similarities with *Daobin*, the two cases at their core are factually distinct and rely upon different legal theories, and thus are not related. Further, coordination of the two cases will not conserve resources or promote efficient determination of the action, and would be prejudicial to Plaintiffs.

Pursuant to Local Rule 3-13, Plaintiffs respectfully oppose the Notice on the grounds that:

1. <u>This Action and *Daobin* Do Not Call for the Determination of the Same or Substantially Related Questions of Law and Fact</u>

There are a number of significant legal and factual differences between the two cases:

*First*, Plaintiffs, citizens and residents of both the United States and China, are Falun Gong practitioners who allege that they suffered gross human rights violations and <u>religious</u> persecution at the hands of Public Security officers in China due to Defendants' collaboration with the Chinese Communist Party ("CCP") in the design, supply and maintenance of the censorship and surveillance network known as the Golden Shield. Complaint, DE 1 at 1:4-16. Defendants' technology was designed to enable the CCP to eavesdrop, tap and intercept communications, identify, track, surveil, apprehend, arrest, interrogate and torture Falun Gong practitioners in order to subject them to additional

---

[1] A copy of the *Daobin et al. v. Cisco Systems et al.* complaint is attached hereto for the Court's convenience as <u>Exhibit A</u>.

- 1 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE
OF PENDENCY OF RELATED ACTION OR PROCEEDING
Case No. 5:11-cv-02449-JF

human rights abuses. *Id.* Conversely, the *Daobin* plaintiffs are not Falun Gong members, but political activists alleging political persecution at the hands of the Chinese government. *Daobin* Complaint, Exhibit A at 6-7, ¶¶ 14-15. This distinction requires different evidence pertaining to different persecutory campaigns in China and involves potentially relevant legal distinctions between state actors and non-state actors. *See generally id.* at 5-7.

*Second*, *Daobin* names a defendant who is not named here, namely Rick Justice, Executive Advisor at Cisco Systems, Inc. Allegations against this defendant require proof not required in the above-captioned case.

*Third*, Plaintiffs brought the instant action as class representatives and will move to certify a class of individuals similarly situated – a motion which will involve investigation into numerous legal and factual questions. *See* Complaint, DE 1 at 35:15-17. *Daobin* does not seek class action status and therefore need not enter into any of the certification inquiries required by Fed. R. Civ. P. Rule 23. *See generally Daobin* Complaint, Exhibit A at 5-7.

*Fourth*, the two cases raise altogether different federal and state claims, including a number of state claims employing different legal standards. Specifically, Plaintiffs allege a violation of 18 U.S.C. § 2512(1), which prohibits the manufacture and sale of any electronic device knowing or having reason to know that the design of the device makes it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications. *See* Complaint, DE 1 at 44-45. Plaintiffs also assert state law claims for wrongful death and unfair business practices under Cal. Bus. & Prof. Code § 17200 et seq. *Id.* at 49-51. These claims raise legal issues that are not present in *Daobin*. The *Daobin* plaintiffs furthermore allege claims for unlawful access to stored communications, *see Daobin* Complaint, Exhibit A at 31-33, and Maryland state law claims for negligence and intentional infliction of emotion distress, *see id.* at 30-31, which are not part of Plaintiffs' complaint.

*Fifth*, *Daobin* involves plaintiffs whose dissident activity and form of surveillance are factually distinct from the activity and surveillance of the Plaintiffs in the above-captioned case. The *Daobin* plaintiffs individually enjoyed a much higher profile in China than any of the named Plaintiffs here, and were subjected to physical as well as online surveillance. The Plaintiffs in the

- 2 -

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE
OF PENDENCY OF RELATED ACTION OR PROCEEDING
Case No. 5:11-cv-02449-JF

1  above-captioned case, on the contrary, were subjected almost exclusively to surveillance of their
2  online activity through use of the Golden Shield, until they were subsequently identified, arrested,
3  detained and tortured.
4     *Sixth*, the two cases seek different forms of relief.  While the *Daobin* plaintiffs seek
5  monetary and declaratory relief only, *see id.* at 35-36, Plaintiffs here also seek to enjoin Defendants
6  from future unlawful activity. Complaint, DE 1 at 52.
7     2. Coordination or Transfer of the Cases to the Same District Would Further Expend
8        Resources and Prejudice Plaintiffs
9     Defendants argue in the Notice that coordination of this case and *Daobin* would conserve
10 resources. Notice at 2:23-24. However, for the reasons given above, coordination of the two cases
11 does not make sense for the following reasons: it would not conserve judicial or party resources but
12 rather require additional such resources to separately argue and manage the numerous legal and
13 factual distinctions, and would likely have the effect of hindering the speedy and efficient
14 prosecution of each action. Indeed, Defendants have already requested a stay of *Daobin* pending the
15 outcome of their forthcoming motion to dismiss in this case, and subjecting the *Daobin* plaintiffs to
16 further delay while class certification is decided here would cause further prejudice.
17    Additionally, transfer pursuant to 28 U.S.C. § 1407 is not warranted. Coordination and
18 transfer would complicate, rather than streamline, the judicial processes of both cases.  This case is
19 a class action brought by practitioners of Falun Gong who have been subjected to human rights
20 violations through online surveillance techniques enabled by implementation of the Golden Shield,
21 which Defendants were instrumental in creating. The *Daobin* plaintiffs are neither Falun Gong
22 practitioners nor does their complaint allege that they were identified only through the use of the
23 Golden Shield. Accordingly, there are few, if any, common questions and transfer is not
24 appropriate.
25 ///
26 ///
27 ///
28 ///

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

- 3 -

PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE
OF PENDENCY OF RELATED ACTION OR PROCEEDING
Case No. 5:11-cv-02449-JF

Therefore, for all the reasons listed above, Plaintiffs respectfully oppose the Notice of Pendency of Related Action or Proceeding filed by Defendants and request that the Court find that *Doe 1 et al.* and *Daobin* are not related and are not subject to coordination or transfer.

DATED: August 4, 2011                    Respectfully submitted,

                                                        SCHWARCZ, RIMBERG, BOYD & RADER, LLP

                                                        By:      /s/ K. Lee Boyd
                                                             K. Lee Boyd, Esq.
                                                             Attorneys for Plaintiffs

                                                        HUMAN RIGHTS LAW FOUNDATION

                                                       By:      /s/ Terri E. Marsh
                                                             Terri E. Marsh, Esq.
                                                             Attorneys for Plaintiffs (*pro hac vice*)