KATHRYN LEE BOYD, ESQ. (SBN 189496)
lboyd@srbr-law.com
RAJIKA L. SHAH, ESQ. (SBN 232994)
rshah@srbr-law.com
**SCHWARCZ, RIMBERG, BOYD & RADER, LLP**
6310 San Vicente Boulevard, Suite 360
Los Angeles, California 90048
Phone: (323) 302-9488
Fax: (323) 931-4990

[Counsel for Plaintiffs Continued on Next Page]

Attorneys for PLAINTIFFS

KATHLEEN M. SULLIVAN (CA Bar No. 242261)
kathleensullivan@quinnemanuel.com
FAITH E. GAY (*pro hac vice*)
faithgay@quinnemanuel.com
ISAAC NESSER (*pro hac vice*)
isaacnesser@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Attorneys for DEFENDANTS

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

DOE I, DOE II, Ivy HE, DOE III, DOE IV, DOE V, DOE VI, ROE VII, Charles LEE, ROE VIII, and LIU Guifu,

Plaintiffs,

vs.

CISCO SYSTEMS, INC., John CHAMBERS, Thomas LAM, Owen CHAN, Fredy CHEUNG, and DOES 1-100,

Defendants.

Case No. 5:11-cv-02449-JF-PSG

Assigned to the Honorable Jeremy Fogel, U.S.D.J.

**JOINT CASE MANAGEMENT STATEMENT**

Action Filed: May 19, 2011

Scheduling Conference: September 23, 2011
Time: 10:30 am
Courtroom: 3, 5th floor

Counsel for Plaintiffs
(continued from first page)

TERRI MARSH, ESQ. (*pro hac vice*)
terri.marsh@hrlf.net
BRIAN PIERCE, ESQ. (*pro hac vice*)
bjpierce@gmail.com
**HUMAN RIGHTS LAW FOUNDATION**
1615 L Street NW, Suite 1100
Washington, D.C. 20036
Phone: (202) 369-4977
Fax: (202) 355-6701

JUDITH BROWN CHOMSKY (*pro hac vice pending*)
jchomsky@igc.org
**LAW OFFICES OF JUDITH BROWN CHOMSKY**
8210 New Second Street
Elkins Park, PA 19027
Phone: (215) 782-8327
Fax: (215) 782-8368

# JOINT CASE MANAGEMENT STATEMENT[1]

Pursuant to the Standing Order for All Judges of the Northern District of California Contents of Joint Case Management Statement ("Standing Order"), Fed. R. Civ. P. Rules 16 and 26, and Civil Local Rule 16-9, Plaintiffs DOE I, DOE II, Ivy HE, DOE III, DOE IV, DOE V, DOE VI, ROE VII, Charles LEE, ROE VIII, and LIU Guifu (collectively, "Plaintiffs") and Defendants CISCO SYSTEMS, INC. ("Cisco"), John CHAMBERS ("Chambers"), Thomas LAM, Owen CHAN, and Fredy CHEUNG (collectively, "Defendants") (together, the "Parties") file this Joint Case Management Statement. The Parties held a telephonic conference pursuant to Fed. R. Civ. P. Rule 26(f) on August 5, 2011 ("Conference").

## 1. JURISDICTION AND SERVICE:

### A. Plaintiffs' Position

Plaintiffs assert this Court has subject matter jurisdiction over this action pursuant to the Alien Tort Statute, 28 U.S.C. § 1350; The Torture Victims Protection Act, 28 U.S.C. § 1350 note; 28 U.S.C. § 1331 (federal question); 28 U.S.C. 1332 (diversity); and 28 U.S.C. § 1367 (supplemental jurisdiction). Furthermore, Plaintiffs assert venue is proper in this Court under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, Cisco is incorporated in and doing business in this District, and Defendant Chambers is the CEO of Cisco in this District.

Defendants do not challenge personal jurisdiction over the defendants.

### B. Defendants' Position

Defendants have moved to dismiss on the basis that, among other things, this court lacks federal subject matter jurisdiction and should not exercise supplemental jurisdiction, and because the claims are not justifiable pursuant to the political question, act of state, and international comity doctrines. The motion does not challenge personal jurisdiction.

[1] The Parties have undertaken to provide the Court with a clear and succinct Statement while minimizing page length in accordance with the Court's Standing Order.

**2. <u>FACTS</u>:**

**A. Plaintiffs' Statement**

Plaintiffs are U.S. and Chinese citizen practitioners of Falun Gong, a peaceful religious practice that is based on the tenets of Zen Shan Ren (Truthfulness, Compassion, and Tolerance). Cisco Systems, Inc.; its CEO John Chambers; Thomas Lam, Vice-Chairman of Cisco Greater China Theater; Owen Chan, President and CEO of Cisco Greater China Theater, and and Fredy Cheung, Senior Vice President for the Greater China Region for Cisco China Networking Technologies, Ltd., knowingly and intentionally provided substantial assistance to the Chinese Communist Party ("CCP") and Chinese Public Security officers in committing human rights violations including torture, by designing, supplying and helping to maintain a censorship and surveillance network known as the Golden Shield in collaboration with the CCP and Public Security officers, knowing and intending that it would be utilized by them to eavesdrop, tap and intercept communications, identify and track Plaintiffs as Falun Gong members and subject them to gross human rights abuses, including arbitrary arrest and detention, torture, extrajudicial killing and crimes against humanity, all in violation of international, U.S., and California law. As a direct result of the Defendants' creation, development and maintenance of the Golden Shield technology with the Chinese authorities, Plaintiffs, Falun Gong practitioners, have suffered severe and gross abuses, including false imprisonment, torture, cruel assault, battery and wrongful death, for which judicial relief is warranted in the form of compensatory and punitive damages.

**B. Defendants' Statement**

The Complaint alleges that Chinese police, prosecutors, judges, and penal institutions imposed unlawful penalties and committed illegal acts of violence against the Plaintiffs in the course of enforcing the domestic policy of the People's Republic of China, which has promulgated laws outlawing the practice of Falun Gong. The Complaint alleges that these law enforcement authorities made use of a tool called the "Golden Shield" — a loose term for an e-government project designed to connect police offices to one another and otherwise increase

police efficiency — in order to locate and apprehend the Plaintiffs, and that the Golden Shield employs networking equipment purchased from Cisco.

The Plaintiffs allege that Cisco is liable for their alleged injuries even though, among other things, (a) the Cisco products sold in China are the same ones that Cisco sells in the U.S. and around the world in compliance with strict U.S. export regulations, (b) there is no allegation that Cisco was consulted during the Golden Shield's development, (c) the Golden Shield was a generic law enforcement tool, and (d) there is no allegation that Cisco knew about the Plaintiffs, their lawful arrests, or their allegedly unlawful treatment . Cisco's legal sale of generic network routers does not support a claim for aiding and abetting police brutality or other international law violations.

**3. <u>LEGAL ISSUES</u>:**

**A. Plaintiffs' Statement**

Defendants have filed a motion to dismiss, which Plaintiffs are opposing, based on several disputed points of fact and law, including but not limited to the following:

a. Whether the act of state doctrine, political question doctrine, or principles of international comity preclude Plaintiffs' claims;

b. Whether the Alien Tort Statute (ATS) and Torture Victim Protection Act (TVPA) apply to conduct that occurred outside the territory of the United States;

c. Whether the claims brought under the ATS and TVPA alleged state action;

d. Whether Plaintiffs alleged actions committed under "color of law";

e. Whether aiding and abetting and conspiracy liability is available under the ATS and the TVPA and, if so, what legal standard applies to those forms of liability;

f. Whether Plaintiffs allege sufficient facts to meet the standards for aiding and abetting and conspiracy liability under the ATS and TVPA;

g. Whether corporations may be held liable under the ATS;

h. Whether various claims include norms that are actionable under *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004);

i. Whether various of the Plaintiffs' state and federal claims are timely and apply extraterritorially.

Plaintiffs take the following preliminary positions:

a. The Plaintiffs' claims are justiciable and are not precluded by the political question doctrine, the act of state doctrine, or principles of international comity;

b. The ATS provides jurisdiction for claims by aliens for acts in violation of the law of nations for injuries suffered abroad;

c. State action is sufficiently alleged because defendants collaborated with principal wrong-doers who were state actors;

d. Actions under color of law is sufficiently alleged because the Defendants acted in concert with state actors or those acting under color of law;

e. Private parties may be held liable under the ATS for aiding and abetting or conspiring with a state actor to engage in violations of actionable norms;

f. Corporations are not immune from liability under the ATS;

g. The passage of the TVPA did not preclude corporate liability under the ATS;

h. The applicable standard for aiding and abetting liability under the ATS is knowingly providing substantial assistance to the principal violator;

i. Should this Court determine that aiding and abetting liability requires Defendants' specific intent to substantially assist the commission of the human rights violations alleged, Plaintiffs' factual allegations meet that standard;

j. The applicable standard for conspiracy is met if two or more persons agree to commit a wrongful act and the defendant joined the conspiracy knowing of at least one of the goals of the conspiracy and intending to accomplish it and one or more of the violations were committed by someone who was a member of the conspiracy and acted in furtherance of the conspiracy;

k. Each of the norms on which Plaintiffs' ATS claims are based meet the *Sosa* standard and are actionable under the ATS.

Additional positions on points of law and fact beyond those set out above may be included in the Plaintiffs' Opposition to the Defendants' Motion to Dismiss. Additional disputed questions of fact and law beyond those set out above are to be determined from the discovery process and from the Defendants' Answer to the Complaint.

**B. Defendants' Statement**

Defendants have moved to dismiss the initial Complaint on the following grounds among others:

- The Complaint raises nonjusticiable political questions.
- The Complaint challenges acts of a foreign government in violation of the act of state and international comity doctrines.
- The Alien Tort Statute ("ATS") does not provide jurisdiction against corporations.
- The ATS does not provide jurisdiction for extraterritorial claims.
- The ATS and Torture Victim Protection Act ("TVPA") claims do not allege acts by defendants acting under color of state law.
- Aiding and abetting liability is unavailable under the TVPA and ATS.
- The complaint does not allege acts by defendants warranting secondary liability.
- The conspiracy claims fail to state a claim.
- Several of the ATS claims are not premised on actionable international law norms.
- California tort law does not apply extraterritorially.
- The California state law claims are untimely.
- The California state law allegations do not support aiding and abetting liability.
- California's Unfair Business Practices law ("UBP") does not apply extraterritorially.
- The allegations of lost income are too attenuated to support a UBP claim.
- The Electronic Communications Privacy Act ("ecpa") does not apply extraterritorially.
- There is no private right of action under the ECPA.
- The ECPA claim is otherwise defective.
- The Complaint fails to allege actionable claims against individual Cisco executives.

Defendants anticipate that additional legal issues will arise during the pendency of the litigation.

**4. MOTIONS:**

**A. Plaintiffs' Statement**

Concurrently with the filing of the Complaint on May 19, 2011, Plaintiffs filed a Motion to Commence and Proceed as Pseudonymous Plaintiffs, *see* DE 2, and Doe III and Doe IV's Motion to Commence and Proceed Through Appointed Next Friend, *see* DE 5, (together, "Motions") which were subsequently noticed for hearing on July 29, 2011. *See* DE 27, 28. The Parties stipulated, *see* DE 38, which the Court on July 26, 2011, so ordered, *see* DE 45, that Plaintiffs are allowed to proceed anonymously and through next friends through the order resolving Defendants' Motion to Dismiss the Complaint. *Id.* at 2:26-28, 3:1-2. The Parties stipulated that, following the Dismissal Decision Plaintiffs have the right to move for leave to proceed anonymously and/or through next friend, or renew their original motions on those matters. *Id.* at 3:3-8. Following the Court's decision of the motion to dismiss, Plaintiffs anticipate seeking a stipulation or, in the alternative, moving for a protective order which would restrict publication by defendants of information produced by defendants which would identify Plaintiffs and witnesses at risk for prosecution by the CCP or the Public Security Officials in China.

Plaintiffs anticipate filing a Motion to Strike purported statements of fact in the Motion to Dismiss and supporting Declaration of John Chu which are not alleged in the First Amended Complaint, made without evidentiary support, and/or are not made in support of a Fed. R. Civ. P. Rule 12(b)(1) argument. *See* DE 50, 50-1. Extrinsic evidence is not admissible in support of a Rule 12(b)(6) motion, and the materials should therefore be stricken. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). While expert affidavits on matters of foreign law are permitted under Fed. R. Civ. P. 44.1, the Motion to Dismiss contains allegations of fact unrelated to matters of foreign law which are not alleged in the First Amended Complaint, and the supporting Declaration of John Chu is offered not only in support of opinions on foreign law but in support of these improperly alleged facts. However, should Defendants remove improper extrinsic evidence and unsupported factual allegations from their amended or renewed Motion to Dismiss, Plaintiffs may elect not to bring the Motion to Strike.

Plaintiffs also anticipate filing a motion for class certification pursuant to Fed. R. Civ. P.

Rules 23(a) and 23(b)(3) as early as December 2011 or following the Court's decision on the Motion to Dismiss and the issuance of a protective order, whichever is later. *See* Section 9 *infra* for further information on Plaintiffs' Motion for Class Certification.

**B. Defendants' Statement**

Defendants moved to dismiss the Plaintiffs' initial Complaint, but in lieu of an opposition brief the Plaintiffs filed a First Amended Complaint. The Defendants are preparing a motion to dismiss the First Amended Complaint.

Separately, Defendants will oppose any motion to strike the Declaration of John Chu, accompanying exhibits, or any other portion of their motion to dismiss. Mr. Chu is an expert on Chinese law and submitted a declaration in support of Defendants' Motion to Dismiss. The Declaration attaches Chinese law materials, in order to provide guidance to the Court concerning various issues of Chinese law applicable to Defendants' motion to dismiss. It is beyond question that expert affidavits on matters of foreign law are permitted in connection with motions to dismiss. *See* Federal Rule of Civil Procedure Rule 44.1 ("The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination shall be treated as a ruling on a question of law." ). Pursuant to this rule, expert affidavits concerning foreign law permissibly implicate questions of law, rather than factual disagreements.

**5. <u>AMENDMENT OF PLEADINGS</u>:**

Pursuant to Fed. R. Civ. P. Rule 15(a)(1)(B), Plaintiffs amended the complaint on September 2, 2011. *See* DE 60, 62-1. Plaintiffs named an additional defendant, Fredy Cheung, former Managing Director of Cisco Systems Hong Kong and the Philippines and current Vice President of Cisco Systems China. Plaintiffs also amended complaint to include additional technical information to support Plaintiffs' existing claims.

**6. <u>EVIDENCE PRESERVATON:</u>**

The Parties confirmed that a litigation hold has been placed on all evidence relevant to the issues reasonably evident in this action.

**7. <u>DISCLOSURES</u>:**

**A. Plaintiffs' Statement**

Plaintiffs have agreed to delay initial disclosures until after the disposition of the motion to dismiss. Defendants' assert that they "cannot begin discovery without the knowledge of Plaintiffs' names." Plaintiffs' disagree.

**B. Defendants' Statement**

Plaintiffs have agreed to "delay initial disclosures until after the disposition of the motion to dismiss," which Defendants understand to mean that all discovery has been stayed by agreement, pending this Court's decision on Defendants' motion to dismiss. Such a stay is appropriate in light of the multiple grounds for dismissal presented in Defendants' motion to dismiss, which would be dispositive of all counts in the Complaint. Moreover, as indicated above, the parties have agreed that the Plaintiffs' identities shall be kept anonymous pending a decision on Defendants' motion to dismiss — Defendants cannot begin discovery without knowledge of the Plaintiffs' names (and the names of the "next friends" who are purporting to bring claims on behalf of certain Plaintiffs).

**8. <u>DISCOVERY</u>:**

**A. Plaintiffs' Statement**

In the Conference, Plaintiffs asked if Defendants would be willing to enter into a stipulated protective order, which would likely prove beneficial to both Parties, in order to facilitate the discovery process. Although Defendants agreed that a protective order would likely be necessary as the discovery process was likely to involve sensitive information other than the identity of Plaintiffs, they were unwilling to so stipulate at this time. Defendants also were not able to discuss or agree to Plaintiffs' proposal that the Parties stipulate to the non-production of expert notes. In light of Defendants' position, the Parties do not have an agreed discovery plan to report to the Court.

**B. Defendants' Statement**

As indicated above, discovery is and should be stayed pending a decision on Defendants' motion to dismiss the Complaint.

**9. CLASS ACTIONS**

**A. Plaintiffs' Statement**

Plaintiffs will seek to certify a class pursuant to Fed. R. Civ. P. Rules 26(a) and (b)(3). The class which Plaintiffs seek to represent is comprised of, and defined, as follows: "All persons who were identified as Falun Gong practitioners through the use of the Golden Shield by Chinese authorities and were thereafter subjected to detention and/or physical abuse and/or torture for their Falun Gong related activity, and suffered injury as a result."

There are sufficient facts to show that Plaintiffs are entitled to maintain this action as a class. **Ascertainability:** The action may be brought and maintained as a class action because there is a well-defined community of interest in the litigation and the members of the proposed Class are ascertainable and identifiable. **Numerosity:** Plaintiffs believe that there are many thousands of members of the class as described above, although the number and identities of the individual class members are presently unknown. **Typicality:** Plaintiffs' claims are typical of the claims of the other members of the class, since all such claims arise out of Defendants' actions in actively participating in the development of the Golden Shield through which Plaintiffs and class members were identified and subjected to detention and torture. **Adequacy:** Plaintiffs are committed to vigorous prosecution of this action and have retained competent legal counsel with extensive experience in the prosecution of human rights actions and class actions.

**Commonality and Predominance:** Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class. The common and legal factual questions include: (1) Whether Defendants intended to design the Golden Shield to specifically facilitate the persecution of the Plaintiff class by the Chinese authorities; (2) Whether Defendants knew or should have known and intended that the Golden Shield would be used to target and persecute the Plaintiff class; (3) Whether Defendants gave substantial assistance to the Chinese Public Security and the Chinese Communist Party in the persecution of the Plaintiff class; (4) Whether Defendants specifically intended to aid the Chinese Public Security and the Chinese Communist Party in the persecution of and commission of other crimes alleged herein against the Plaintiff class; (5) Whether Defendants' subsidiaries in

China acted as agents of Cisco with regard to the actions which are the subject matter of the Complaint; (6) Whether Defendants unlawfully manufactured, assembled, possessed, and/or sold to CCP the equipment and devices required to create and operate the Golden Shield; and (7) Whether Cisco violated Section 17200 of the California Business and Professions Code. The Defendants' Motion to Dismiss confirms that there are common issues of fact and law which affect the claims of each Plaintiff.

**Superiority:** A class action is superior to other available methods for reasons including: individual litigation is impracticable; it would be unduly burdensome to the courts in which individual litigation of numerous cases involving highly technical issues would proceed; further participation in the lawsuit might expose the would-be plaintiffs to further gross human rights abuses. By contrast, the maintenance of this action as a class action presents few difficulties, conserves the resources of the Parties and the court system, and protects the rights of each member of the class and of Defendants. The same evidence, the same witnesses, and the same legal arguments and explanations will be used to prove that Defendants bear liability for injuries suffered by members of the class. Numerous fluid recovery methods exist to aid the Court in assessing damages on a class-wide basis. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

Plaintiffs will move the Court to certify their class as early as December 2011 or following the Court's decision on the Motion to Dismiss and the issuance of a protective order, whichever is later.

**B. Defendants' Statement**

Defendants believe that class certification is inappropriate because Plaintiffs cannot satisfy the requirements of FRCP 23. Defendants further believe that any motion for class certification must await discovery regarding issues relevant to class certification, including without limitation depositions of the named Plaintiffs.

**10. <u>RELATED CASES</u>:**

Defendants believe that this action is is legally and/or factually related to *Daobin et al. v. Cisco Systems et al.,* No. 8:2011-cv-01538 (D. Md., Greenbelt Div). Plaintiffs disagree. *See* DE

47 (Defendants' notice of pendency of related action), 48 (Plaintiffs' opposition). The parties know of no other cases that may be related to the instant action.

**11. RELIEF:**

**A. Plaintiffs' Statement**

Plaintiffs seek the following forms of relief: certification of a class pursuant to Fed. R. Civ. P. Rules 23(a) and (b)(3); compensatory damages including general and specific damages; punitive damages; injunctive relief enjoining Cisco from future unlawful activity; costs of suit, including but not limited to attorneys' fees pursuant to 18 U.S.C. § 2512(1) and California Code Civ. P. § 1021.5; and other and future relief as the Court deems appropriate. Plaintiffs anticipate consultation with a damages expert will be required in order to quantify monetary damages associated with the violations of international law and state law, as well as for lost income calculations associated with Plaintiffs' claim under Cal. *Bus. & Prof. Code* § 17200 et seq.

**B. Defendants' Statement**

Defendants believe that the Complaint must be dismissed as a matter of law, that class certification is unavailable, and that liability cannot be established. Moreover, Defendants are uncertain what measure relief Plaintiffs seek and as such are uncertain about the basis on which damages would be calculated if liability were established.

**12. SETTLEMENT AND ADR:**

Plaintiffs are willing to enter into Court-sponsored mediation. Defendants believe that settlement discussions and ADR would be unproductive at this time; to the extent such matters become relevant in the future, Defendants would prefer private mediation in light of the complexity and unique sensitivities of this matter. The Parties participated in an ADR Phone Conference in August; the ADR office requested a second phone conference for a date after the determination of the Motion to Dismiss.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

On May 19, 2011, Plaintiffs filed a Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge. *See* DE 18.

**14. OTHER REFERENCES:**

**A. Plaintiffs' Statement**

Plaintiffs believe this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. *See* DE 48.

**B. Defendants' Statement**

Defendants believe that coordination between this action and *Daobin et al. v. Cisco Systems, Inc.*, *et al.*, No. 8:2011-cv-01538 (D. Md., Greenbelt Div.) action would likely avoid conflicts, conserve resources, and promote an efficient determination of the actions. To this end, Defendants have moved for a stay of *Daobin* pending disposition of their motion to dismiss this action (as well as a pending Fourth Circuit appeal in another action), and in conjunction with that stay motion are assessing the availability and propriety of transfer pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) or otherwise. Defendants believe that reference to binding arbitration or a special master would be unsuitable at this time.

**15. NARROWING OF ISSUES:**

**A. Plaintiffs' Statement**

In light of Defendants' position, the Parties did not discuss the narrowing of issues.

**B. Defendants' Statement**

As indicated above, discovery is and should be stayed pending a decision on Defendants' motion to dismiss the Complaint.

**16. EXPEDITED SCHEDULE:**

The Parties agree that this case is not suitable for handling on an expedited basis with streamlined procedures, and are discussing a briefing schedule for Defendants' Motion to Dismiss the Plaintiffs' First Amended Complaint.

**17. SCHEDULING:**

Defendants contend that discovery is and should be stayed pending a decision on Defendants' motion to dismiss the Complaint. In light of this position, the Parties did not discuss discovery and pre-trial scheduling.

**18. TRIAL:**

Plaintiffs have demanded a jury trial. Defendants contend that the question of whether

this case will be tried to a judge or jury will depend on the resolution of Defendants' forthcoming motion to dismiss. Accordingly, the Parties did not discuss the expected length of trial.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Plaintiffs and Defendants have filed Certifications of Interested Entities or Persons ("Certifications"). In their Certifications, Plaintiffs and Defendants asserted that, pursuant to Civil L.R. 3-16, other than the named parties, there was no other person or entity with an interest that could be substantially affected by the outcome of the proceeding.

DATED: September 16, 2011

SCHWARCZ, RIMBERG, BOYD & RADER, LLP

By: /s/ K. Lee Boyd
K. Lee Boyd, Esq.

HUMAN RIGHTS LAW FOUNDATION

By: /s/ Terri E. Marsh
Terri E. Marsh, Esq. (*pro hac vice*)

LAW OFFICES OF JUDITH BROWN CHOMSKY

By: /s/ Judith Chomsky
Judith Chomsky, Esq. (*pro hac vice pending*)

Attorneys for Plaintiffs

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Kathleen Sullivan
Kathleen Sullivan, Esq.[2]
Isaac Nesser, Esq.

Attorneys for Defendants

[2] I have given my consent for Plaintiffs to electronically sign this Joint Case Management Statement on my behalf.