KATHRYN LEE CRAWFORD-BOYD, ESQ. (SBN 189496)
  lboyd@srbr-law.com
RAJIKA L. SHAH, ESQ. (SBN 232994)
  rshah@srbr-law.com
**SCHWARCZ, RIMBERG, BOYD & RADER, LLP**
6310 San Vicente Boulevard, Suite 360
Los Angeles, California 90048
Phone: (323) 302-9488, Fax: (323) 931-4990

TERRI MARSH, ESQ. (*pro hac vice*)
  terri.marsh@hrlf.net
BRIAN PIERCE, ESQ. (*pro hac vice*)
  brianp@hrlf.net
**HUMAN RIGHTS LAW FOUNDATION**
1615 L Street NW, Suite 1100
Washington, D.C. 20036
Phone: (202) 369-4977, Fax: (323) 931-4990

JUDITH BROWN CHOMSKY (*pro hac vice*)
  jchomsky@igc.org
**LAW OFFICES OF JUDITH BROWN CHOMSKY**
8210 New Second Street
Elkins Park, PA 19027
Phone: (215) 782-8327, Fax: (215)782-8368

Attorneys for PLAINTIFFS

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| DOE I, DOE II, Ivy HE, DOE III, DOE IV, DOE V, DOE VI, ROE VII, Charles LEE, ROE VIII, and LIU Guifu, and those individual similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CISCO SYSTEMS, INC., John CHAMBERS, Thomas LAM, Owen CHAN, Fredy CHEUNG, and DOES 1-100,<br><br>Defendants. | Case No. 5:11-cv-02449-EJD-PSGx<br>Assigned to the Hon. Edward J. Davila<br><br>**PLAINTIFFS' MOTION TO RESCHEDULE BRIEFING**<br><br>*[N.D.Cal. Local Rule 7-11]*<br><br>Action Filed: May 19, 2011<br>FAC Filed: Sept. 2, 2011 |

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MOTION TO RESCHEDULE BRIEFING
Case No. 5:11-cv-02449-EJD-PSGx

## MOTION

This Motion is brought in light of the fact that the parties have agreed that at least a partial stay of the Defendant's Motion to Dismiss filed on September 23, 2011 (Docket Entry 67) ("Motion to Dismiss") is warranted in light of the Supreme Court's grant of a writ of certiorari on October 17, 2011 in *Kiobel v. Royal Dutch Petroleum Co.* and *Mohamad v. Rajub*, Nos. 10-1491 and 11-88, --- S.Ct. ----, 79 USLW 3728 (2011) ("*Kiobel*"), and in light of the complex analysis put forth by the Ninth Circuit in *Sarei v. Rio Tinto, PLC*, --- F.3d ----, 2011 U.S. App. LEXIS 21515 (9th Cir. Oct. 25, 2011), both of which directly bear on a number of grounds upon which the Defendants base their Motion to Dismiss.[1] Therefore, Plaintiffs hereby request that the Court stay briefing of all issues raised in Defendants' Motion to Dismiss, to be rescheduled after the Supreme Court issues its decision in *Kiobel*, with the exception of three dispositive issues unaffected by *Kiobel* which bear on the justiciability of the entire case at bar: (1) whether the case presents a non-justiciable political question, (2) whether the complaint challenges an act of state, and (3) whether the case violates principles of international comity.[2] All three

---

[1] The Supreme Court in *Kiobel* will be addressing two questions: (1) whether the issue of corporate civil tort liability under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, is a merits question or instead an issue of subject matter jurisdiction; and (2) whether corporations are immune from tort liability for violations of the law of nations or may instead be sued in the same manner as any other private party defendant under the ATS. Here, Plaintiffs allege claims under the ATS against a corporation for violations of the law of nations, and Defendants have moved to dismiss the case due to a lack of jurisdiction over claims against corporations under the ATS. The Supreme Court will also address the issue of whether a claim against a corporation may be brought under the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350 note, in *Mohamad*. Here, Defendants have moved to dismiss arguing that the corporations cannot be sued under the TVPA and that TVPA precludes claims against corporations under the ATS. The Ninth Circuit's decision in *Sarei* also bears on questions of corporate liability, as well as a number of other issues bearing directly on the Defendants' Motion to Dismiss, including whether the ATS applies extraterritorially, whether aiding and abetting liability is available under the ATS, what standard applies to aiding and abetting liability, whether the specific claims are sufficiently specific and obligatory to be permitted under the ATS, and whether the claims were adequately pled. *Sarei*, at *6-7.

[2] Defendants agree that all other issues raised in their Motion to Dismiss should be heard following a decision in *Kiobel*. *See* Declaration of Rajika Shah ("Shah Decl."), at ¶¶ 3, 6. Thus, the only disagreement between the parties is whether briefing on only these three issues (political

1

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' MOTION TO RESCHEDULE BRIEFING
Case No. 5:11-cv-02449-EJD-PSGx

issues which Plaintiffs request not be stayed are dispositive questions based upon Article III separation of powers concerns and prudential considerations. *See, e.g.*, *Nixon v. United States*, 506 U.S. 224, 252-253 (1993) (political question); *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 707 (9th Cir. 1992) (act of state); *Mujica v. Occidental Petroleum Corp.*, 381 F. Supp. 2d 1134, 1155 (C.D. Cal. 2005) (citing *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1237 (11th Cir. 2004)) (international comity). Further, these broader issues are unaffected by the outcome of *Kiobel*.

Courts are empowered to delay proceedings as part of their inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts have delayed proceedings where cases being heard by superior courts bear on issues related to the case at hand. *See In re Mut. Funds Inv. Litigation*, 2011 WL 3819608 (D. Md. 2011). Doing so "promote[s] judicial efficiency and avoid[s] the possibility of inconsistent rulings." *Id*.

///

///

///

question, act of state, and international comity) should go forward now. While *Sarei* touched upon these three issues, *Sarei* at *39-47, Plaintiffs offered Defendants an opportunity to re-brief them in light of *Sarei*, which Defendants declined. *See* Shah Decl. at ¶ 6. Accordingly, Plaintiffs propose filing their Opposition brief on the three specified issues only on November 18, 2011, but remain open to a new briefing schedule.

SCHWARCZ, RIMBERG, BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

Accordingly, for the reasons listed above and in the interest of judicial efficiency, Plaintiffs respectfully request that:

1. Briefing on only the following three questions raised by Defendants' Motion to Dismiss continue on the current briefing schedule established in the Court's Order dated October 11, 2011 (Docket Entry 74):[3] (1) whether the case presents a non-justiciable political question, (2) whether the complaint challenges an act of state, and (3) whether the case violates principles of international comity.

2. Briefing on all other issues raised by Defendants' Motion to Dismiss be rescheduled until after the Supreme Court issues its decision in *Kiobel*.

DATED: November 4, 2011        Respectfully submitted,

SCHWARCZ, RIMBERG, BOYD & RADER, LLP


By:     /s/ K. Lee Boyd
    K. Lee Crawford-Boyd, Esq.
    Attorney for Plaintiffs

    Terri E. Marsh, Esq. (*pro hac vice*)
    HUMAN RIGHTS LEGAL FOUNDATION
    Attorney for Plaintiffs

    Judith Brown Chomsky, Esq. (*pro hac vice*)
    LAW OFFICES OF JUDITH BROWN CHOMSKY
    Attorney for Plaintiffs

---

[3] Plaintiffs' Opposition to the Motion to Dismiss is due November 18, 2011, while Defendants' Reply is due January 16, 2012, with hearing scheduled for February 17, 2012.