**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOE I, et. al., | CASE NO. 5:11-cv-02449 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFFS' MOTION TO RESCHEDULE BRIEFING** |
| v. | |
| CISCO SYSTEMS, INC., et. al., | [Docket Item No. 76] |
| Defendant(s). | |

Presently before the court is Plaintiffs' administrative Motion to Reschedule Briefing (the "Motion," Docket Item No. 76) for Defendant's currently-pending Motion to Dismiss the First Amended Complaint (Docket Item No. 67). Plaintiffs request an order allowing Defendants' Motion to Dismiss to proceed in two phases. During the first phase, the parties would brief, and the court would decide, three discrete issues of justiciability. The Motion to Dismiss would then be held in abeyance until some time after the Supreme Court issues its opinion in two cases being considered in tandem, namely Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111 (2nd Cir. 2010), cert. granted, 79 U.S.L.W. 3728 (U.S. Oct. 17, 2011) (No. 10-1491), and Mohamad v. Rajoub, 634 F.3d 604 (D.C. Cir. 2011), cert. granted, 80 U.S.L.W. 3059 (U.S. Oct 17, 2011) (No. 11-88), at which time the parties would brief, and the court would decide, the remaining dismissal issues during the second phase. For their part, Defendants filed a partial opposition (Docket Item No. 78) to the Motion, requesting the court stay the Motion to Dismiss in its entirety.

The court has carefully reviewed Plaintiffs' Motion and Defendants' opposition. While the

1
CASE NO. 5:11-cv-02449 EJD
ORDER DENYING PLAINTIFFS' MOTION TO RESCHEDULE BRIEFING

1  court finds it expedient to postpone a decision on the issues raised in the Motion to Dismiss while
2  the Supreme Court considers Kiobel and Mohamad, the court nonetheless finds neither the option
3  presented by Plaintiffs nor that presented by Defendants appropriate to these circumstances.  With
4  regard to Plaintiffs' request, the court is not inclined to allow one motion to proceed in-part now and
5  in-part at some unknown time in the future.  For all of the reasons stated by Defendants in their
6  opposition, the issues raised in the Motion to Dismiss must be considered simultaneously.

7  As to Defendants' request, the court is not inclined to simply stay the Motion to Dismiss
8  altogether.  Doing so would leave the Motion to Dismiss pending on the court's docket for what at
9  this juncture is an undefined but seemingly indefinite period of time.  In addition, the Supreme
10 Court's decision will affect the Motion to Dismiss in one way or another, and the arguments for
11 dismissal may require extensive revision depending on the outcome.  It makes little sense to leave a
12 motion pending which may at some point be rendered ineffective.

13 Accordingly, the court orders the Clerk of the Court to TERMINATE Defendants' Motion to
14 Dismiss the First Amended Complaint (Docket Item No. 67) without prejudice to such motion being
15 re-filed after the Supreme Court issues its opinion in Kiobel and Mohamad.  The associated motion
16 hearing scheduled for February 17, 2012, is VACATED.  The Case Management Conference for
17 that date remains as currently scheduled.

18 The Clerk of the Court shall also TERMINATE Defendants' Motion to Dismiss the original
19 Complaint (Docket Item No. 49) as such motion is now moot.

20 **IT IS SO ORDERED.**

21 Dated:  November 9, 2011

EDWARD J. DAVILA
United States District Judge