1    KATHRYN LEE BOYD, ESQ. (SBN 189496)
     lboyd@srbr-law.com
2    RAJIKA L. SHAH, ESQ. (SBN 232994)
     rshah@srbr-law.com
3    **SCHWARCZ, RIMBERG, BOYD & RADER, LLP**
4    6310 San Vicente Boulevard, Suite 360
     Los Angeles, California 90048
5    Phone: (323) 302-9488; Fax: (323) 931-4990

6    TERRI MARSH, ESQ. (*pro hac vice*)
     terri.marsh@hrlf.net
7    JORDAN BERMAN, ESQ. (*pro hac vice*)
     Jordan.Berman.HRLF@gmail.com
8    **HUMAN RIGHTS LAW FOUNDATION**
9    1615 L Street NW, Suite 1100
     Washington, D.C.  20036
10   Phone: (202) 697-3858; Fax: (202) 355-6701
11   Attorneys for PLAINTIFFS

12   KATHLEEN M. SULLIVAN (CA Bar No. 242261)
     kathleensullivan@quinnemanuel.com
13   FAITH E. GAY (*pro hac vice*)
     faithgay@quinnemanuel.com
14   ISAAC NESSER (*pro hac vice*)
     isaacnesser@quinnemanuel.com
15   **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
16   51 Madison Avenue, 22nd Floor
     New York, New York 10010
17   Telephone: (212) 849-7000; Facsimile: (212) 849-7100
18   Attorneys for DEFENDANTS

19              **UNITED STATES DISTRICT COURT FOR THE**
                **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| 20 DOE I, DOE II, Ivy HE, DOE III, DOE IV, DOE V, DOE VI, ROE VII, Charles LEE, ROE VIII, and LIU Guifu, | Case No. 5:11-cv-02449-EJD-PSGx |
| 21 | |
| 22 | Assigned to the Honorable Edward J. Davila, U.S.D.J. |
| 23        Plaintiffs,<br>          vs. | **JOINT CASE MANAGEMENT STATEMENT** |
| 24 | |
| 25 CISCO SYSTEMS, INC., John CHAMBERS, Thomas LAM, Owen CHAN, Fredy CHEUNG, and DOES 1-100, | Action Filed: May 19, 2011<br>FAC Filed: Sept. 2, 2011<br>Scheduling Conference: July 12, 2013 |
| 26 | Time: 10:00 a.m. |
| 27        Defendants. | Courtroom: 4, 5th Floor |
| 28 | |

1

**JOINT CASE MANAGEMENT STATEMENT[1]**

2
        Pursuant to the Standing Order for All Judges of the Northern District of California

3
Contents of Joint Case Management Statement ("Standing Order"), Fed. R. Civ. P. Rules 16 and

4
26, and Civil Local Rule 16-9, Plaintiffs DOE I, DOE II, Ivy HE, DOE III, DOE IV, DOE V,

5
DOE VI, ROE VII, Charles LEE, ROE VIII, and LIU Guifu (collectively, "Plaintiffs") and

6
Defendants CISCO SYSTEMS, INC. ("Cisco"), John CHAMBERS ("Chambers"), Thomas

7
LAM, Owen CHAN, and Fredy CHEUNG (collectively, "Defendants") (together, the "Parties")

8
hereby file this Joint Case Management Statement. The Parties held a telephonic conference

9
pursuant to Fed. R. Civ. P. Rule 26(f), Civil Local Rule 16-3, and the Court's Standing Order on

10
Case Management in Civil Cases on July 2, 2013 ("Conference").

11
        The Parties filed a Joint Case Management Statement on September 16, 2011 (Docket 63)

12
("First Joint CMS"), attached hereto as Exhibit A; an updated Joint Case Management Statement

13
on February 8, 2012 (Docket 80) ("Second Joint CMS"), attached hereto as Exhibit B, and a

14
further updated Joint Case Management Statement on March 16, 2012 (Docket 82) ("Third Joint

15
CMS"), attached hereto as Exhibit C.  Subsequent Case Management Conferences ("CMC") have

16
been rescheduled pending a decision from the Supreme Court in *Kiobel v. Royal Dutch Petroleum*

17
(No. 10-1491) ("*Kiobel*") and *Mohamad v. Rajoub* (No. 11-88) ("*Mohamad*"). The Supreme

18
Court issued its decision on April 17, 2013, 569 U.S. ____ (slip op.).

19
                                Case Management Update

20
        The Parties incorporate and restate their First, Second, and Third Joint CMS, and provide

21
the following updates:

22
  a.   Plaintiffs replace First Joint CMS at 3:13-14 (Legal Issues) as follows: "Plaintiffs will

23
       move the Court to file a second amended complaint based on the changes in controlling

24
       law in *Kiobel*, as well as newly discovered evidence. Plaintiffs further note that

25
       Defendants previously filed a Motion to Dismiss the First Amended Complaint (see

26

27
[1] The Parties have undertaken to provide the Court with a clear and succinct Statement while
minimizing page length in accordance with the Court's Standing Order.

28

- 1 -

Docket 67) and will move to dismiss the second amended complaint, which Plaintiffs will oppose, based on several disputed points of facts and law, including but not limited to the following:"

b. Plaintiffs replace First Joint CMS at 3:17-18 (Legal Issues): "Whether the *Kiobel* presumption against extraterritorial conduct is displaced in this case because the claims sufficiently "touch and concern" the United States; Whether, for the purposes of meeting the standard of more than "mere corporate presence", there is a distinction between foreign corporate defendants susceptible to suit in their home jurisdictions and a U.S.-based corporation whose offices and nerve center are based in San Jose, California; Whether the actions of U.S. citizens who, while located in the United States, engaged in extensive activities directly related to alleged violations of international law and including ideological conversion through torture, encompassing research, planning, design, manufacture, marketing, consultation, troubleshooting, and a range of other activities, is domestic conduct or, at minimum, sufficiently touches and concerns the United States to displace the *Kiobel* presumption;"

c. Plaintiffs replace First Joint CMS at 4:6-7 (Legal Issues):  "The conduct in this case touches and concerns the United States with sufficient force to overcome the *Kiobel* presumption for claims under the ATS; The U.S.-based corporate defendant in this case, whose offices and nerve center are based in San Jose, California, touches and concerns the US to an extent sufficiently greater than "mere corporate presence"; The actions of U.S. citizen defendants who, while located in the United States, engaged in extensive activities directly related to alleged violations of international law including ideological conversion through torture, encompassing research, planning, design, manufacture, marketing, consultation, troubleshooting, and a range of other activities, is domestic conduct or, at minimum, sufficiently touches and concerns the United States to displace the *Kiobel* presumption;"

d. Plaintiffs add to First Joint CMS at 7:4 (Motions):  "Pursuant to Fed. R. Civ. P. Rule 15(a)(2), Plaintiffs anticipate filing a motion to submit a second amended complaint in

- 2 -

1    light of the change in the controlling law in *Kiobel* and to add previously unavailable

2    evidence.  *See* Section 5 *infra* for further information on Plaintiffs' Motion for Leave to

3    File a Second Amended Complaint.  On this matter, Plaintiffs intend to confer with

4    Defendants to set a new briefing schedule."

5    e.   Plaintiffs add to First Joint CMS at 7:20-24 (Amendment of Pleadings):  "Pursuant to Fed.

6    R. Civ. P. Rule 15(a)(2), Plaintiffs anticipate moving to submit a second amended

7    complaint in light of the change in the controlling law in *Kiobel*, as well as newly

8    discovered evidence. *Kiobel* is narrowly tailored to the facts before it, and its ruling does

9    not invoke subject matter jurisdiction but rather the scope of causes of action pleaded

10   under the ATS.  The decision leaves open for future definition the circumstances under

11   which the presumption should be applied or displaced.  In short, the application of the

12   presumption is a merits question, to be determined on a case-by-case basis, and the

13   defendants bear the burden of proving that Plaintiffs' claims fail as a matter of law.

14   Plaintiffs will move to amend in order to show that the *Kiobel* presumption has been

15   rebutted. Plaintiffs intend to add new allegations to establish that the conduct in this case

16   is domestic and/or touches and concerns the United States with sufficient force to displace

17   the *Kiobel* presumption, regardless of whether the presumption is viewed as a merits

18   question or jurisdictional.  Before *Kiobel* no court had questioned the extraterritorial

19   application of the Alien Tort Statute ("ATS"), and thus the pleadings here have not

20   addressed facts regarding whether the claims "touch and concern" the United States.

21   Plaintiffs will move to address the issue in an amended complaint.  Given that Plaintiffs

22   drafted their complaint in accordance with pre-*Kiobel* doctrine, amendment would not be

23   futile given Plaintiffs' representations that additional facts could be alleged to show that

24   the conduct in question was domestic and/or touches and concerns the United States with

25   sufficient force.  Nor would the new allegations greatly alter the nature of the litigation.

26   As Plaintiffs have noted in previous case management reports, Plaintiffs will also move to

27   amend the complaint to include evidence discovered during the stay of this case. The

28   relevant evidence, which was previously unavailable, comes largely from previously

- 3 -

unavailable witnesses. This new evidence bears directly upon both the legal issues raised in *Kiobel* and on the merits of this matter. The evidence provides additional details concerning Defendants' activities in the United States and addresses other legal doctrines relevant to establish the Court's authority to hear this case."

f.   Plaintiffs add to First Joint CMS at 7:27 (Evidence Preservation):  "Plaintiffs will forward Defendants a retention letter to assist them in determining what information to preserve. See ESI Discovery Guideline 2.01 (Preservation)."

g.   The Parties jointly add to First Joint CMS at 11:24 (Settlement and ADR):  "The Parties participated in an ADR phone conference on Tuesday, June 4.  The next ADR phone conference is scheduled for Tuesday, October 8."

h.   The Parties jointly add to First Joint CMS at 11:27 (Consent to Magistrate Judge for All Purposes): "The case was then reassigned to the current judge, Judge Edward J. Davila, for all further proceedings.  DE 69."

i.   The Parties jointly replace First Joint CMS at 12:20-22 (Expedited Schedule): "The Parties agree that this case is not suitable for handling on an expedited basis with streamlined procedures, and Plaintiffs have proposed to file a Motion for Leave to File a Second Amended Complaint shortly after the July 12, 2013 Case Management Conference."

j.   Defendants hereby state, in response to Plaintiffs' above-listed disclosures, that subject to Defendants' receipt of additional detail concerning Plaintiffs' proposed motion for leave to file a second amended complaint, Defendants would expect to oppose such a motion on the basis, *inter alia*, that any amendment would be futile in light of *Kiobel*'s holding regarding the non-extraterritorial application of the ATS: all of the alleged physical injuries at issue in this action occurred in China; all of the alleged conduct in violation of international law occurred in China; and, setting aside conclusory allegations, the Corrected First Amended Complaint alleges no specific facts relating to conduct or effects in the United States beyond Cisco's mere corporate presence in California.

k.   Defendants provide the following update concerning the related action *Daobin v. Cisco*,

- 4 -

No. 8:11-cv-01538-PJM (D. Md.), in which, as in this action, plaintiffs allege that Cisco sold internet technology to Chinese law enforcement officials and thereby became liable under the ATS and other laws for physical injuries allegedly inflicted by Chinese law enforcement officials on Chinese citizens in China:  On May 24, 2013, Defendants moved to dismiss the *Daobin* action on the basis of, among other things, *Kiobel*'s presumption against extraterritorial application of the ATS; on June 17, 2013, the *Daobin* Plaintiffs filed an amended complaint as of right in lieu of opposing Defendants' motion to dismiss; on or before July 9, 2013, Defendants expect to file a motion to dismiss the amended complaint in *Daobin*; Defendants expect that their motion to dismiss the *Daobin* action will be fully briefed by mid-August 2013.  Because briefing in the *Daobin* action is under way, and because the arguments that Defendants have asserted and will assert in their motion to dismiss the *Daobin* action are similar and in some respects identical to those that Defendants will assert in a motion to dismiss here, Defendants respectfully request that this Court continue further proceedings in this action pending a disposition of Defendants' motion to dismiss the *Daobin* action.  Such an approach would promote efficiency, reduce wasteful and duplicative efforts by the parties and the Court, and avoid the risk of inconsistent adjudications.  Indeed, international law claims under the ATS and TVPA in this action, as well as the common law claims for assault, battery, and like, are also at issue in *Daobin*, and the alleged wrongdoing in this action—the provision of internet routers and related equipment and services to the government of China for the purpose of facilitating the Chinese government's construction of the "Golden Shield" internet backbone, allegedly with knowledge that the Chinese government would seek to use the "Golden Shield" to commit international law violations in China—are nearly identical to those alleged in *Daobin*.  Defendants are available to discuss these issues during the scheduled case management conference before Your Honor.

1. Plaintiffs hereby state, in response to Defendants' update concerning the *Daobin v. Cisco* action described above, that Plaintiffs do not share Defendants' view that Court should "continue further proceedings [in this action] pending a disposition of Defendants' motion

to dismiss in the *Daobin* action." Plaintiffs previously described to this Court in its Opposition to Notice of Pendency of Related Action filed on August 4, 2011 (Dkt No. 48), that this action and *Daobin* are legally and factually fundamentally unrelated. As has already been alleged, the Plaintiffs in this case are monitored, identified, located, interrogated, forcibly converted and in other ways persecuted via totally distinct Golden Shield applications that Cisco designed specifically to enable the Chinese Communist Party (as distinct from the Government of China) to suppress Falun Gong. No individual piece of hardware or software in and of itself forms the basis of Plaintiffs' complaint in this case. Rather, they allege a highly complex well-integrated apparatus comprising highly customized technology and deliberate course of conduct incorporating training, maintenance, continuous service, and the ongoing process of designing ever more effective methods of accomplishing client goals and objectives. Available evidence includes hundreds of Cisco internal files and reports that describe high-level designs developed solely suppress Falun Gong, as well as witnesses, including several experts, whose testimony is primarily relevant to the ongoing religious persecution at issue in this action. The Plaintiffs in *Daobin* are all high profile political activists, known to Chinese authorities due to their conspicuous dissident activities and publications under their real names. They are not subject to the highly specialized and unique features of the Golden Shield forms of apparatus human rights abuse tailored by Chinese security forces for the forced conversion of Falun Gong adherents.  In addition, Plaintiffs in this action raise different federal and state claims and have brought this action on behalf of a class. Plaintiffs here have patiently awaited the resolution of *Kiobel* at the Supreme Court so that they may proceed with their action. To countenance another delay in this action will violate their Due Process rights, would not conserve judicial resources, and puts Plaintiffs in China at further risk of pressure and intimidation from local authorities.  Therefore Plaintiffs respectfully request that no stay be granted on account of briefing in *Daobin*.

///

///

DATED: July 3, 2013                    SCHWARCZ, RIMBERG, BOYD &
                                       RADER, LLP


                                       By:_____/s/ K. Lee Boyd_____
                                           K. Lee Boyd, Esq.

                                       HUMAN RIGHTS LAW FOUNDATION


                                       By:_____/s/ Terri E. Marsh_____
                                           Terri E. Marsh, Esq.* (*pro hac vice*)

                                       Attorneys for Plaintiffs

                                       QUINN EMANUEL URQUHART
                                       & SULLIVAN, LLP


                                       By:__/s/ Kathleen M. Sullivan_____
                                           Kathleen M. Sullivan, Esq.*
                                           Faith E. Gay, Esq.
                                           Isaac Nesser, Esq.

                                       Attorneys for Defendants

* I have obtained signatory's consent to file this Joint Case Management Statement.

- 7 -