UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Doe I, Doe II, Ivy He, Doe III, Doe IV, Doe V, Doe VI, Roe VII, Charles Lee, Roe VIII, Liu Guifu, and those individuals similarly situated, )<br><br>Plaintiffs, )<br><br>  v. )<br><br>Cisco Systems, Inc., et al. )<br><br>Defendants. ) | Case No.: 5:11-CV-02449-EJD<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>**[Re: Docket Item No. 101]** |

Presently before this court is Plaintiffs' Motion for Leave to File a Second Amended Complaint.  See Docket Item No. 101.  Pursuant to Civil L.R. 7-1(b), the motion was taken under submission without oral argument.  For the reasons discussed below, the court GRANTS Plaintiffs' motion.

## I.  BACKGROUND

On May 19, 2011 Plaintiffs filed this putative class action.  See Docket Item No. 1. Defendants filed a Motion to Dismiss the Complaint on August 4, 2011.  See Docket Item No. 49. Plaintiffs filed a First Amended Complaint ("FAC") on September 20, 2011 and Defendants filed a Motion to Dismiss the FAC on September 23, 2011 (Docket Item No. 67).  On November 9, 2011, this court terminated Defendants' Motion to Dismiss the FAC without prejudice and terminated Defendants' Motion to Dismiss the original Complaint when the Supreme Court granted certiorari

1

on two cases, namely <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111 (2nd Cir. 2010), <u>cert. granted</u>, 79 U.S.L.W. 3728 (U.S. Oct. 17, 2011) (No. 10-1491), and <u>Mohamad v. Rajoub</u>, 634 F.3d 604 (D.C. Cir. 2011), <u>cert. granted</u>, 80 U.S.L.W. 3059 (U.S. Oct 17, 2011) (No. 11-88).  <u>See</u> Docket Item No. 79.  Plaintiffs filed the present motion on August 1, 2013, after the Supreme Court announced its decisions in both cases.

## II.  LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations and quotations omitted).  In cases, however, where a party moves to amend or add a party after a specific deadline for filing motions or amending the pleadings, the "good cause standard" for modification of a scheduling order under Rule 16(b) governs.  <u>See</u> <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607–08 (9th Cir. 1992).

Here, Plaintiffs met the deadline for amended pleadings previously set by the court.  <u>See</u> Docket Item No. 100.  The court therefore applies the more lenient Rule 15 standard.  Under Rule 15(a), leave to amend should be granted unless amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, (4) or is futile.  <u>Chudacoff v. Univ. Med. Ctr. of S. Nev.</u>, 649 F.3d 1143, 1153 (9th Cir. 2011).  However, consideration of prejudice to the opposing party carries the greatest weight.  <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III.  DISCUSSION

Plaintiffs seek to amend their pleadings to add newly-discovered facts, add two new plaintiffs, and address the recent Supreme Court decisions, which were not available to them when Plaintiffs drafted their FAC.

Defendants argue that Plaintiffs' motion should be denied because amendment is futile, belated, and prejudicial.  The first argument fails because the proposed amendments relate to the Supreme Court's decision in <u>Kiobel</u> regarding the "touch and concern" standard articulated by the

2

Case No.: 5:11-CV-02449-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Court.  Whether the facts sufficiently "touch and concern" the United States to overcome the presumption against extraterritoriality is a question on the merits.  Under Rule 15(a), "courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." <u>Hynix Semiconductor Inc. v. Toshiba Corp.</u>, 2006 WL 3093812 (N.D. Cal. Oct. 31, 2006).  Defendants' second argument fails because this present motion was filed in accordance with the deadline set by the court.  Third, the court finds no prejudice against Defendants, as the nature of the claims and the underlying legal theories have not changed.

Thus, in light of the generous standard in favor of amendments and the absence of any demonstrated prejudice resulting from the amendment, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File a Second Amended Complaint is GRANTED.  Plaintiffs must file an amended complaint as a separate docket entry forthwith.

**IT IS SO ORDERED**

Dated: September 18, 2013

EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-CV-02449-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT