QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kathleen M. Sullivan (CA Bar No. 242261)
  kathleensullivan@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood City, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

  Faith E. Gay (*pro hac vice*)
  faithgay@quinnemanuel.com
  Isaac Nesser (*pro hac vice*)
  isaacnesser@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Attorneys for Defendants Cisco Systems, Inc.,
John Chambers, Thomas Lam, and Owen Chan

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| Doe I, Doe II, Ivy He, Doe III, Doe IV, Doe V, Doe VI, Roe VII, Charles Lee, Roe VIII, Liu Guifu, and those individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Cisco Systems, Inc., John Chambers, Thomas Lam, Owen Chan, and Does 1-100,<br><br>Defendants. | Case No. 5:11-cv-02449-JF<br><br>**DECLARATION OF JOHN (HEJUN) CHU IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Hearing date: December 16, 2011<br>Time: 10:00 a.m.<br><br>Action Filed: May 19, 2011<br>Judge: Hon. Jeremy Fogel<br>Dept: Courtroom 3, 5th Floor |

I, JOHN (HEJUN) CHU, hereby make this sworn declaration:

1. I am a licensed attorney authorized and engaged in the practice of law in the People's Republic of China ("PRC" or "China"). My Curriculum Vitae is hereby attached as Exhibit 1.

2. I am a partner at Jun He Law Offices ("Jun He"), one of the oldest and most reputable law firms in the PRC.

3. I earned a B.A. in 1984 from the English Department of Beijing Foreign Studies University, a Master of Law in 1987 from the Graduate School of the Chinese Academy of Social Sciences, a Ph.D. in Economics in 1998 from People's University, and an LL.M. from Wayne State University Law School in 2001.

4. I became a founding partner of Jun He in 1989 and worked for Skadden Arps in New York City in 1991 as a foreign attorney. I left Jun He in 1994 for other academic and career pursuits, including working for General Motors in Beijing and Detroit. I returned to Jun He in 2008.

5. I have authored several books and articles on PRC law and business that have been published in the United States and China.

6. I have been asked by Defendants to render my opinion on the status of Falun Gong under PRC law, including the applicable laws and regulations, the process by which these laws and regulations were enacted, and the specific penalties or punishments that may lawfully be imposed under PRC law for violation of these laws and regulations.

7. In sum, it is my opinion that various PRC laws and regulations clearly designate Falun Gong as an illegal organization. These laws and regulations were duly promulgated by PRC legal authorities. Individuals are clearly prohibited from associating with Falun Gong and related organizations, and penalties for violating these laws include

administrative detention and reeducation by labor. The penalties described in the relevant laws and regulations do not include torture or other forms of police brutality by PRC government officials or law enforcers.

## THE PRC LEGAL SYSTEM

8. Under the PRC Constitution, promulgated on December 4, 1982 and amended on March 14, 2004 ("Constitution"), and the PRC Legislation Law promulgated on March 15, 2000 ("Legislation Law"), the National People's Congress ("NPC") and its Standing Committee are the legislative organs to enact national laws ("Laws"). Pursuant to the Constitution, the NPC and its Standing Committee also have the power to enact resolutions ("NPC Resolutions") on specific matters based on reports of relevant investigatory commissions if they deem necessary.

9. The Constitution and the Legislation Law further authorize:

   9.1   the State Council to promulgate administrative regulations ("Administrative Regulations") in accordance with the Constitution and the Laws;

   9.2   the people's congresses or their standing committees of the provinces, ethnic autonomous regions and municipalities directly under the central government to promulgate local regulations ("Local Regulations"), provided that such regulations do not contradict the Constitution, the Laws and Administrative Regulations;

   9.3   the people's congresses of the ethnic autonomous regions to promulgate autonomous regulations and separate regulations ("Autonomous Regulations") on the basis of the political, economic and cultural conditions of the local ethnic group(s);



    9.4    the ministries and commissions of the State Council and the other organs endowed with administrative functions directly under the State Council may, in accordance with the Laws and Administrative Regulations, promulgate ministry rules ("Ministry Rules") within the limits of their jurisdiction; and

    9.5    the people's governments of the provinces, autonomous regions, municipalities directly under the central government and the ethnic larger cities may, in accordance with the Laws, Administrative Regulations and Local Regulations of their respective province, autonomous region or municipality, enact local government rules ("Local Government Rules").

10. Under the PRC Administrative Litigation Law ("Administrative Litigation Law"), promulgated on April 4, 1989, administrative authorities may make and enact resolutions and orders ("Administrative Resolution") that have general binding force.

11. As authorized by a Resolution of the National People's Congress Standing Committee on the Interpretation of Law promulgated on June 10, 1981, the Supreme People's Court (the "Supreme Court") and the Supreme People's Procuratorate (the "Supreme People's Procuratorate") each has the power to interpret issues concerning the specific application of laws and decrees that are encountered in trial and/or prosecutorial practice.

### STATUS OF FALUN GONG UNDER PRC LAW

12. As provided under the "Regulation on the Main Duties, Internal Organs and Personnel of the Ministry of Civil Affairs" (Exhibit 2) issued by the PRC State Council on June 17, 1998, the duties of the PRC Ministry of Civil Affairs include the registration of, administration over and inspection of social societies. As part of these duties, the



Ministry of Civil Affairs has authority to issue Administrative Resolutions in regard to the matters within its jurisdiction.

13. On July 22, 1999, the PRC Ministry of Civil Affairs issued the "Resolution of the PRC Ministry of Civil Affairs on Outlawing Falun Dafa Research Society" ("Ministry of Civil Affairs Notice", Exhibit 3), which banned the Falun Dafa Research Society and the Falun Gong organization under its control ("Falun Gong"). The Ministry of Civil Affairs Notice is an Administrative Resolution duly issued by the Ministry of Civil Affairs.

14. Under the Ministry of Civil Affairs Notice, the Falun Dafa organizations are identified as illegal organizations and thereby banned in accordance with the "Regulation on Registration and Administration of Societal Organizations" (Exhibit 4). According to the Ministry of Civil Affairs Notice, the Falun Dafa Research Society was not registered under the relevant regulations and was engaged in illegal activities, and also spread superstitions, cheated the public, instigated disturbances and undermined social stability.

15. As provided under the "Regulation on the Duties, Internal Organs and Personnel of the Ministry of Public Security" (Exhibit 5) issued by the PRC State Council on March 24, 1994, the duties of the PRC Ministry of Public Security include (1) researching and formulating guidelines, policies, regulations and rules concerning public security work; and (2) analyzing and forecasting public security condition and formulating countermeasures. As part of these duties, the Ministry of Public Security has authority to issue Administrative Resolutions pursuant to matters within its jurisdiction.

16. On July 22, 1999, the PRC Ministry of Public Security issued the "Notice of the PRC Ministry of Public Security on July 22, 1999" ("Ministry of Public Security Notice", Exhibit 6), which prohibited certain activities related to Falun Gong. The Ministry of

Public Security Notice is an Administrative Resolution duly issued by the Ministry of Public Security.

17. The Ministry of Public Security Notice prohibited various activities related to publicizing or distributing materials about Falun Dafa (Falun Gong) or assembling or demonstrating to publicize Falun Dafa (Falun Gong).

18. On October 30, 1999, the Standing Committee of the NPC issued the "Resolution of the Standing Committee of the National People's Congress on Banning Heretic Cult Organizations, Guarding against and Punishing Heretic Cult Activities" ("NPC Standing Committee Resolution," Exhibit 7), which provided certain general principles with respect to the banning of heretic cult organizations. The NPC Standing Committee Resolution is an NPC Resolution duly issued by the NPC Standing Committee.

19. The NPC Standing Committee Resolution banned heretic cult organizations.

20. On November 5, 1999, the Supreme Court issued the "Notice on Implementing the Resolution of the Standing Committee of the National People's Congress on Banning Heretic Cult Organizations, Guarding against and Punishing Heretic Cult Activities and Judicial Interpretations of the Supreme Court and the Supreme Procuratorate" ("Supreme Court Notice," Exhibit 8). The Supreme Court Notice identified Falun Gong organizations as heretic cult organizations.

21. To summarize, the Falun Gong organizations have been identified as illegal organizations by the administrative authorities of the PRC since 1999; certain activities related to Falun Gong have been prohibited by the public security authorities of the PRC since 1999; the national legislative organ confirmed in 1999 that heretic cult organizations should be banned; and the Supreme Court confirmed in 1999 that Falun Gong organizations should be considered heretic cult organizations.



# PENALTIES FOR VIOLATION OF
# FALUN GONG–RELATED LAWS AND REGULATIONS

*Criminal liabilities for violation of Falun Gong–related laws and regulations*

22. Under Article 300 of the PRC Criminal Law ("Criminal Law ", Exhibit 9), promulgated on March 14, 1997 and amended on February 25, 2011, whoever organizes and utilizes superstitious sects, heretic cult organizations, and heretic religious organizations to sabotage the implementation of the state's laws and executive regulations by utilizing superstition is to be sentenced to not less than three years and not more than seven years of fixed-term imprisonment. Since Falun Gong organizations are identified by the Supreme Court as heretic cult organizations, the criminal penalties under Article 300 of the Criminal Law apply to the criminal offense of organizing and utilizing Falun Gong organizations.

23. Under the "Interpretation of the Supreme People's Court and the Supreme People's Procuratorate on the Relevant Matters of Laws Application Relating to Crime Cases Involving Organizing and Utilizing Heretic Cult Organizations" jointly issued by the Supreme Court and the Supreme Procuratorate on October 9, 1999 ("Interpretation of Supreme Court and Supreme Procuratorate I," Exhibit 10), whoever organizes and utilizes heretic cult organizations to engage in certain activities is to be sentenced to the criminal punishment described above in paragraph 22. These activities include certain gatherings, continuing cult activities after their organizations have been banned, and publishing certain materials.



24. Under the "Interpretation of the Supreme People's Court and the Supreme People's Procuratorate on the Relevant Matters of Laws Application Relating to Crime Cases Involving Organizing and Utilizing Heretic Cult Organizations II" jointly issued by the Supreme Court and the Supreme Procuratorate on June 11, 2001 ("Interpretation of Supreme Court and Supreme Procuratorate II," Exhibit 11), whoever organizes and utilizes heretic cult organizations to engage in certain activities, is to be sentenced to the criminal punishment described above in paragraph 22. These activities include producing or disseminating certain publications or audiovisual recordings, utilizing the internet to create or disseminate messages about cult organizations, and promoting cults in public venues.

25. Under Article 300 of the Criminal Law, when circumstances of the crime are particularly serious, not less than seven years of fixed-term imprisonment is to be imposed. Since Falun Gong organizations are identified by the Supreme Court as heretic cult organizations, the criminal penalties under Article 300 of the Criminal Law apply to the criminal offense of organizing and utilizing Falun Gong organizations.

26. The Interpretation of Supreme Court and Supreme Procuratorate I provides that "particularly serious" circumstances include certain recruiting or collaborating activities and certain publishing or distributing activities when done in large volumes.

27. The Interpretation of Supreme Court and Supreme Procuratorate II provides that "particularly serious" circumstances include certain publishing or distributing activities when done in excess of certain volumes, or certain producing or disseminating activities when they cause serious societal harm.



*PRC criminal proceedings generally*

28. In any criminal proceeding, the court, the procuratorate and the public security organs may, depending on the circumstances of the case, take proper mandatory measures such as taking the criminal suspect into custody or arresting the suspect.

29. The public security organs may take into custody a major suspect in certain situations as provided by the PRC Criminal Procedure Law (Exhibit 12), promulgated on July 1, 1979 and amended on March 17, 1996.   The term of custody is three days and may be extended to no more than thirty-seven days.

30. According to the PRC Criminal Procedure Law, where there is evidence to prove the fact of the crime, and other mandatory measures would be insufficient to prevent the suspect from posing a danger to society, the suspect shall be placed under arrest based on the approval of the procuratorate or the court.   The term of arrest is two months and may be extended to seven months based on the approval of the procuratorate at the provincial level and to more than seven months based on the approvals of the Supreme Procuratorate and the NPC Standing Committee.

*Administrative liabilities for violation of Falun Gong-related laws and regulations*

31. Administrative penalties, including administrative detention, are authorized for a range of prohibited activities relating to the violation of administration order, such as business operations without proper licenses, the violation of traffic rules and activities disturbing public security.

32. Based on the Ministry of Public Security Notice and the PRC Public Security Administrative Punishments Law (Exhibit 13), promulgated on August 28, 2005, a



violation of the Ministry of Public Security Notice that does not trigger criminal liabilities may lead to administrative penalties, including administrative detention.

***Reeducation through labor***

33. The Constitution (Exhibit 14) provides that citizens of the PRC shall comply with the Constitution and laws, observe labor disciplines and public order, and respect social ethics. The "Resolution of the State Council on the Reeducation Through Labor" (Exhibit 15), which was approved by the NPC Standing Committee on August 1, 1957, established the "reeducation through labor" system based on the above constitutional provision. Under the "Supplemental Provisions of the State Council on the Reeducation Through Labor" (Exhibit 16), issued by the State Council on November 29, 1979, the Commissions of Reeducation Through Labor, which are established at local levels, are authorized to decide whether "reeducation through labor" is necessary for individuals who engaged in illegal activities that do not trigger criminal liabilities.

34. A range of illegal activities, including indecency, prostitution, larceny, fraud and hooliganism, are punishable through reeducation through labor, if any of such activities does not yet meet the threshold of the criminal liability.

35. No PRC laws or regulations prohibits or restricts the application of "reeducation through labor" to the illegal activities relating to Falun Gong.

***Provisions of PRC law prohibiting brutality or torture of individuals by state officials***

36. None of the laws, regulations, or interpretations cited above permits police brutality and torture.



37. Article 43 of the PRC Criminal Procedure Law strictly prohibits extorting confessions by torture and collecting evidence by threat, enticement, deceit or other unlawful means.

38. Article 247 of the Criminal Law provides that a judicial functionary who extorts a confession from criminal suspects or defendants by torture, or who uses force to extract testimony from witnesses, is to be sentenced to three years or fewer imprisonment or criminal detention, and those who cause injuries to others, physical disablement, or death, are subject to the punishments of intentional homicide and intentional infliction of harm.

39. Article 79 of the PRC Public Security Administrative Punishments Law provides that the public security organs and police officers shall investigate public security cases in compliance with the law: it is strictly prohibited for anyone to collect evidence by illegal methods, such as extorting confessions by torture, threat, bribe, deceit and other illicit means; any proof gathered by illegal means shall not be used as the basis for punishment.

## SUMMARY OF OPINIONS

Based on the analysis described herein:

1. Various PRC laws and regulations clearly designate Falun Gong as an illegal organization.
2. These laws and regulations were duly promulgated by PRC legal authorities.
3. Individuals are clearly prohibited from associating with Falun Gong and related organizations, and penalties for violating these laws include administrative detention.
4. The penalties described in the relevant laws and regulations do not include torture or other forms of police brutality by PRC government officials or law enforcers.



I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Beijing, the People's Republic of China, August 4, 2011.

_____
John (Hejun) Chu

## INDEX OF EXHIBITS

**Exhibit**

1. Curriculum Vitae of John (Hejun) Chu.

2. Regulation on the Main Duties, Internal Organs and Personnel of the Ministry of Civil Affairs (民政部职能配置、内设机构和人员编制方案), June 17, 1998.

3. Resolution of the PRC Ministry of Civil Affairs on Outlawing Falun Dafa Research Society" (中华人民共和国民政部关于取缔法轮大法研究会的决定) ("Ministry of Civil Affairs Notice"), July 22, 1999.

4. Regulation on Registration and Administration of Societal Organizations (社会团体登记管理条例), October 25, 1998.

5. Regulation on the Duties, Internal Organs and Personnel of the Ministry of Public Security (公安部职能配置、内设机构和人员编制方案), March 24, 1994.

6. Notice of the PRC Ministry of Public Security on July 22, 1999. (中华人民共和国公安部通告 (1999 年 7 月 22 日)) ("Ministry of Public Security Notice"), July 22, 1999.

7. Resolution of the Standing Committee of the National People's Congress on Banning Heretic Cult Organizations, Guarding against and Punishing Heretic Cult Activities (全国人民代表大会常务委员会关于取缔邪教组织、防范和惩治邪教活动的决定) ("NPC Standing Committee Resolution"), October 30, 1999.

8. Notice on Implementing the Resolution of the Standing Committee of the National People's Congress on Banning Heretic Cult Organizations, Guarding against and Punishing Heretic Cult Activities and Judicial Interpretations of the Supreme Court and the Supreme Procuratorate (最高人民法院关于贯彻全国人大常委会《关于取缔邪教组织、防范和惩

治邪教活动的决定》和"两院"司法解释的通知) ("Supreme Court Notice"), November 5, 1999.

9. PRC Criminal Law (中华人民共和国刑法), March 14, 1997; last amended February 25, 2011.

10. Interpretation of the Supreme People's Court and the Supreme People's Procuratorate on the Relevant Matters of Laws Application Relating to Crime Cases Involving Organizing and Utilizing Heretic Cult Organizations" (最高人民法院最高人民检察院关于办理组织和利用邪教组织犯罪案件具体应用法律若干问题的解释) ("Interpretation of Supreme Court and Supreme Procuratorate I"), October 9, 1999.

11. Interpretation of the Supreme People's Court and the Supreme People's Procuratorate on the Relevant Matters of Laws Application Relating to Crime Cases Involving Organizing and Utilizing Heretic Cult Organizations II" (最高人民法院、最高人民检察院关于办理组织和利用邪教组织犯罪案件具体应用法律若干问题的解释(二)) ("Interpretation of Supreme Court and Supreme Procuratorate II"), June 11, 2001.

12. PRC Criminal Procedure Law (中华人民共和国刑事诉讼法), July 1, 1976; amended March 17, 1996.

13. PRC Public Security Administrative Punishments Law (治安管理处罚法), August 28, 2005.

14. PRC Constitution (中华人民共和国宪法), December 4, 1982; last amended March 14, 2004.

15. Resolution of the State Council on the Reeducation Through Labor (国务院关于劳动教养问题的决定), August 1, 1957.



16. Supplemental Provisions of the State Council on the Reeducation Through Labor (国务院关于劳动教养的补充规定), November 29, 1979.