QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kathleen M. Sullivan (CA Bar No. 242261)
  kathleensullivan@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood City, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Faith E. Gay (*pro hac vice*)
  faithgay@quinnemanuel.com
  Isaac Nesser (*pro hac vice*)
  isaacnesser@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

Attorneys for the Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| Doe I, Doe II, Ivy He, Doe III, Doe IV, Doe V, Doe VI, Roe VII, Charles Lee, Roe VIII, Doe IX, Liu Guifu, Wang Weiyu, and those individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Cisco Systems, Inc., John Chambers, Fredy Cheung, and Does 1-100,<br><br>Defendants. | Case No. 5:11-cv-02449-EJD<br><br>**OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO EXCEED THE PAGE LIMITATION FOR BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>SAC filed: September 18, 2013<br><br>Action Filed: May 19, 2011<br>Judge: Hon. Edward J. Davila<br>Dept: Courtroom 4, 5th Floor |

1    This Court should deny Plaintiffs' last-minute administrative motion to exceed by 10 pages
2 the carefully negotiated page limit stipulated to by the parties and recently so-ordered by this
3 Court. Plaintiffs cannot justify deviating from their prior agreement or from the Court's binding
4 order, and their proposal if granted would prejudice Defendants by permitting Plaintiffs to file a
5 *60-page* opposition brief that is longer than the opening brief Defendants filed in reliance upon
6 Plaintiffs' prior agreement. At minimum, and in the alternative, any increase in the size of
7 Plaintiffs' opposition brief should be matched by a corresponding increase in the size of
8 Defendants' reply.

9    Plaintiffs' motion should be denied for several independent reasons:

10   *First*, Plaintiffs' motion is inconsistent with their own prior agreement and this Court's
11 recent order governing page limits. On October 29, 2013, less than two months ago, the parties
12 negotiated and filed a stipulation and proposed order setting limits of 50 pages for Defendants'
13 brief in support of their motion to dismiss the Second Amended Complaint ("SAC"), 50 pages for
14 Plaintiffs' opposition brief, and 20 pages for Defendants' reply brief. [ECF No. 115.][1] This Court
15 so ordered that stipulation on October 30, 2013. [ECF No. 117.] In so doing, the Court permitted
16 briefing that is already *double* the 25-page limit provided under this Court's Local Rules. *See* L.
17 Civ. R. 7-2, 7-3. Plaintiffs have offered no justification for filing a brief that exceeds their prior
18 agreement and this Court's prior order by a full ten pages.

19   *Second*, Defendants would suffer prejudice if Plaintiffs' proposal were granted.
20 Defendants have already filed their opening brief seeking dismissal of the SAC. In so doing, they
21 relied on Plaintiffs' negotiated agreement and adhered to this Court's order regarding page limits,
22 even at the expense of compressing certain arguments so as to comply with the agreed and so-
23 ordered 50-page limit. Plaintiffs' proposal, if granted, would thus result in Plaintiffs filing an
24 opposition brief that is a full 20% longer than the opening brief to which it responds. There is no

---

[1] As the stipulation notes, the parties had previously agreed to the very same page limits for purposes of Defendants' motions to dismiss the initial Complaint and First Amended Complaint. *See* ECF No. 42 (stipulating to 50-page briefs because "the applicable 25-page limit . . . is insufficient to address the claims and issues raised in the Complaint").

1 basis for such an outcome.

2 *Third*, Plaintiffs' various explanations for their eleventh-hour request are untenable. Plaintiffs argue, for example, that they need extra pages because the issues in dispute are "complex." That is no argument: The issues are equally complex for both sides and Plaintiffs were fully aware of this complexity on October 29 when they stipulated to an already-oversize 50-page opposition brief. Nor can Plaintiffs argue that they were somehow blindsided by the arguments in Defendants' opening brief: Defendants' current brief was adapted from their prior briefs, filed two years ago, which sought dismissal of the initial Complaint and First Amended Complaint on many of the same grounds now at issue. [*See* ECF Nos. 49, 67.] Since then, Defendants have repeatedly reiterated their intention to seek dismissal on those same bases, including in the parties' joint written reports to this Court, and Plaintiffs spelled out their anticipated counterarguments at length. [*See*, *e.g.*, ECF Nos. 76; 96 at 2; 98 at 3-8; 101-103] Plaintiffs' argument that they were somehow surprised by the need to rebut the expert declaration filed together with Defendants opening brief [ECF No. 118] is most empty of all: The expert declaration is not new—it is literally the *same document* that Defendants filed *two years ago* in support of their motions to dismiss the initial Complaint and First Amended Complaints [ECF Nos. 50, 68].

In short, there is no basis to depart from Plaintiffs' prior agreement and this Court's recent order granting Plaintiffs an already-generous 50-page limit for their opposition to Defendants' 50-page motion to dismiss. Plaintiffs' request to extend their brief by a full 10 pages—which Plaintiffs have made by way of administrative motion filed only two days before the December 19 due date for their opposition brief—would cause prejudice to Defendants and should be denied.

## **CONCLUSION**

Plaintiffs' administrative motion for leave to file a 60-page opposition to Defendants' Motion to Dismiss should be denied. In the alternative, if Plaintiffs' motion for a 10-page extension of the page limit is granted, this Court should grant a corresponding 10-page extension as to Defendants' reply brief.

| | | |
|---|---|---|
| 1 | DATED: New York, New York<br>December 18, 2013 | QUINN EMANUEL URQUHART &<br>    SULLIVAN, LLP |

By:  /s/ Kathleen M. Sullivan
      Kathleen M. Sullivan
      Faith E. Gay
      Isaac Nesser

51 Madison Avenue, 22d Floor,
New York, New York  10010-1601
(212) 849-7000

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's ECF System.

Dated:  December 18, 2013

      /s/ Todd Anten
      Todd Anten