QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kathleen M. Sullivan (CA Bar No. 242261)
  kathleensullivan@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood City, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Faith E. Gay (*pro hac vice*)
  faithgay@quinnemanuel.com
  Isaac Nesser (*pro hac vice*)
  isaacnesser@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

Attorneys for the Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| Doe I, Doe II, Ivy He, Doe III, Doe IV, Doe V, Doe VI, Roe VII, Charles Lee, Roe VIII, Doe IX, Liu Guifu, Wang Weiyu, and those individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Cisco Systems, Inc., John Chambers, Fredy Cheung, and Does 1-100,<br><br>Defendants. | Case No. 5:11-cv-02449-EJD<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE AN AMICUS BRIEF**<br><br>SAC filed: September 18, 2013<br><br>Action Filed: May 19, 2011<br>Judge: Hon. Edward J. Davila<br>Dept: Courtroom 4, 5th Floor |

## INTRODUCTION

On December 19, 2013, this Court denied Plaintiffs' eleventh-hour request for a 10-page expansion of their opposition brief. [ECF No. 122.] In so holding, this Court ensured that Defendants would not be forced to file a mere 20-page reply to Plaintiffs' proposed 60-page opposition brief. Yet just one day after the Court issued its order denying a *10*-page extension of Plaintiffs' page limit, Plaintiffs requested Defendants' consent to the *20*-page amicus brief now at issue. Defendants did not so consent, for such a brief would be an end-run around this Court's clear order and would also cause serious prejudice by requiring Defendants to respond to 70 pages of briefing in a bare 20-page reply. The Court should deny the motion for leave to file the brief [ECF No. 124] so as to prevent Plaintiffs from obtaining through the back door the same relief that this Court has already explicitly denied. The Court should deny the motion for the further reason that the proposed amicus brief consists of purely legal argument that Plaintiffs could have addressed, or did address, in their already-oversized opposition brief.

## ARGUMENT

The relevant law is clear: "There is no inherent right to file an amicus curiae brief," and this Court "retains broad discretion to … reject the appearance of amicus curiae." *Rocky Mountain Farmers Union v. Goldstene*, No. 09-cv-2234, 2010 WL 1949146, at *2 (E.D. Cal. May 11, 2010) (quotations omitted). Amicus briefs may be appropriate where they provide "unique information or perspective that can help the court beyond the help that the lawyers from the parties are able to provide." *Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quotations omitted). However, district courts routinely refuse to accept amicus briefs that repeat arguments the parties made or could have made, especially where the parties have already been permitted expansive briefing. Thus, a court in this District recently denied leave to file an amicus brief "in support of plaintiffs' opposition to [a] motion to dismiss"—the same posture here—explaining that,

> because the motion to dismiss presents purely legal issues as to the sufficiency of the pleadings, any unique perspectives or information the proposed amici might have to offer are not especially pertinent at this juncture. Plaintiffs are represented by competent counsel who have ably addressed the relevant legal issues.

*Abadia-Peixoto v. U.S. Dept. of Homeland Sec.*, 277 F.R.D. 572, 576 (N.D. Cal. 2011). Similarly, another court recently denied leave to file an amicus brief because it "contain[ed] many of the same arguments … raise[d] in [the parties'] motion papers," particularly where the court had "already approved the submission of 140 pages of briefing" on the underlying motion—akin to the 120 pages of briefing, plus sizable supporting affidavits, that the Court has approved here. *Capitol Records, LLC v. Vimeo, LLC*, No. 09-cv-10101, Dkt. No. 66 at 2 (S.D.N.Y. Dec. 21, 2012) (collecting authority). Similar decisions are common.[1]

Here, the Court should likewise exercise its discretion to deny leave. To begin with, it would cause significant prejudice to Defendants if Plaintiffs were permitted to rely upon the proposed amicus brief. The parties negotiated, and this Court so-ordered, a briefing schedule that allotted 50 pages for Defendants' opening brief, 50 pages for Plaintiffs' opposition, and 20 pages for Defendants' reply, without mention of amicus briefs. [ECF Nos. 115, 116.] Plaintiffs should not be permitted a 20-page end-run around those limits. *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (denying leave to file amicus brief where the party's brief was "45 pages long [and the amicus] brief, if allowed to be submitted, would, in effect bring that length to 62 pages").

In addition, rather than providing "unique information or perspective," *Sonoma Falls Developers*, 272 F. Supp. 2d at 925, the proposed amicus brief provides ordinary legal argument that Plaintiffs could have presented, and in some instances did present, in their 50-page opposition brief. This is made clear by the dozens of cases, statutes, and related materials listed in amici's table of authorities, which together confirm that, far from a presentation of historical material, the proposed brief actually offers legal arguments based on precedent as to the ultimate legal

---

[1] *See, e.g., Capitol Records, LLC v. ReDigi, Inc.*, No. 12-cv-95, Dkt. No. 70 at 1 (S.D.N.Y. July 30, 2012) (rejecting amicus brief "[b]ecause the Court believes that the parties are fully capable of raising these issues themselves—and have every incentive to do just that"); *Io Group, Inc. v. Veoh Networks, Inc.*, No. 06-cv-3926, 2007 WL 2433385, at *1 (N.D. Cal. Aug. 22, 2007) ("the would-be amici may well have a legitimate interest in how legal issues … are resolved here," but "their proposed brief does not appear to provide 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide'") (quotations and citation omitted); *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) (denying leave because "[n]either of these submissions offers any argument or point of view not available from the parties themselves"); *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992) (same because "defendant's interests are adequately represented by his counsel").

questions now before this Court, in the same manner as the brief of a party litigant. [*See* ECF No. 124-1 at ii-iii] (citing *inter alia* 21 federal and state cases and five federal statutes).  Indeed, amici concede that their sole justification in submitting a brief is to address "difficult questions about the text, history, and purpose of the Alien Tort Statute," motivated by their generalized "interest[] in the proper understanding and interpretation of the Alien Tort Statute … and the Supreme Court's decisions in *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659 (2013), and *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004)."  [ECF No. 124 at 2.]  Arguments about the "text, history, and purpose" of the ATS, or any other statute, and about the interpretation of governing precedents, are of course quintessentially for the *litigants* to make.  There is no occasion for amici to be permitted to proffer legal argument based on their generalized interest in the law, or in the "proper understanding and interpretation" of recent Supreme Court decisions.

Moreover, the proposed amicus brief largely repeats and expands arguments that Plaintiffs have already made, based on much of the same legal authority that Plaintiffs have already cited.  For example, pages 9-10 and 14 of Plaintiffs' opposition brief expound at length on "the historical context of the ATS," "the founding-era law of nations," and "the history of the ATS," all based on historical materials purportedly demonstrating that the "[f]ailure to hold U.S. defendants accountable for violations of the law of nations would be anathema to the Founders' intent."  [ECF No. 123 at 9-10, 14.]  Amici's central argument is identical—that the "original intent and purpose" of the ATS extended liability "when a U.S. defendant commits torts in violation of the law of nations" while abroad.  [ECF No. 124-1 at 3.]  In addition, at least 18 of the court decisions and related materials cited in the proposed amicus brief have already been cited in Plaintiffs' opposition brief.  Thus the proposed amicus brief will needlessly burden the Court and Defendants with duplicative arguments and authorities.  And to the extent the proposed brief added any new material to support Plaintiffs' identical arguments, it would still fail to assist the Court in deciding the key question before it, which is not whether U.S. defendants should be held accountable for violations of the law of nations, but rather whether Plaintiffs have pleaded here with even the remotest plausibility that any U.S. defendants here committed any such violations.

## CONCLUSION

The motion for leave to file an amicus brief should be denied.

DATED:   New York, New York                      QUINN EMANUEL URQUHART &
               January 6, 2014                              SULLIVAN, LLP

By:  /s/ Kathleen M. Sullivan
    Kathleen M. Sullivan
    Faith E. Gay
    Isaac Nesser

51 Madison Avenue, 22d Floor,
New York, New York  10010-1601
(212) 849-7000

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's ECF System.

Dated: January 6, 2014

      /s/ Todd Anten
      Todd Anten