QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kathleen M. Sullivan (CA Bar No. 242261)
  kathleensullivan@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood City, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Faith E. Gay (*pro hac vice*)
  faithgay@quinnemanuel.com
  Isaac Nesser (*pro hac vice*)
  isaacnesser@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

Attorneys for the Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| Doe I, Doe II, Ivy He, Doe III, Doe IV, Doe V, Doe VI, Roe VII, Charles Lee, Roe VIII, Doe IX, Liu Guifu, Wang Weiyu, and those individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Cisco Systems, Inc., John Chambers, Fredy Cheung, and Does 1-100,<br><br>Defendants. | Case No. 5:11-cv-02449-EJD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE REQUEST FOR LEAVE TO FILE A SUR-REPLY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Hearing date: March 21, 2014<br><br>Time: 9:00 a.m.<br><br>Action Filed: May 19, 2011<br>Judge: Hon. Edward J. Davila<br>Dept: Courtroom 4, 5th Floor |

This Court should deny Plaintiffs' request for leave to file a nine-page sur-reply in further opposition to Defendants' motion to dismiss (Dkt. 133) for multiple, independent reasons:

*First*, any further briefing on the issues raised in Defendants' motion to dismiss is unnecessary. This Court has already been presented with 125 pages of briefing on the pending motion to dismiss—60 pages beyond the standard page limits provided by the Local Rules. *See* L. Civ. R. 7-2(b), 7-3(a), (c). The page limits for Defendants' motion were carefully negotiated by the parties and approved by the Court (Dkt. 116, 130)—indeed, the Court denied Plaintiffs' subsequent request to further extend these page limits (Dkt. 122). In addition, the Court permitted yet another 35 pages of briefing and opposition on issues raised by Plaintiffs' *amici*. (Dkt. 127.) With the Court already accommodating such extensive briefing, there is no need to burden the Court with even more briefing on the same issues. *See, e.g., Vulcan Materials Co. v. Atofina Chems. Inc.*, 355 F. Supp. 2d 1214, 1246 (D. Kan. 2005) (rejecting sur-reply because "the parties have already received more than sufficient opportunity to brief all issues relating to the case"). To the extent that Plaintiffs wish to respond to Defendants' reply, Plaintiffs may make their points at oral argument. *See Zazzali v. Swenson*, No. 12-cv-224, 2013 WL 6181821, at *15 (D. Idaho. Aug. 6, 2013) (rejecting sur-reply as "unnecessary given that the Court typically grants oral argument").

*Second*, even if this Court were inclined to consider a sur-reply, such a filing is not warranted here, as each of the purportedly "new factual and legal contentions" (Dkt. 133 at 1) identified by Plaintiffs respond to arguments raised in *Plaintiffs' opposition brief*. It is axiomatic that a reply brief may respond to any issues raised in an opposition. *Synopsys, Inc. v. Mentor Graphics Corp.*, No. 12-cv-6467, 2013 WL 6577143, at *1 n.1 (N.D. Cal. Dec. 13, 2013) (rejecting sur-reply where reply brief "responds to arguments made in [an] opposition"); *CleanCut, LLC v. Rug Doctor, Inc.*, No. 08-cv-836, 2013 WL 441209, at *1 n.1 (D. Utah Feb. 5, 2013) (rejecting sur-reply where "reply memorandum did not assert any new arguments … but instead merely supplied authority rebutting [non-movant's] arguments"). Further, a sur-reply is not warranted where a reply cites additional authority in support of an argument already raised in a moving brief. *See, e.g., Wernet v. Mortgage Elec. Registration Sys., Inc.*, No. 12-cv-986, 2013 WL 3776298, at *5 (W.D. Mich. July 17, 2013) (rejecting sur-reply where new case law presented

in reply brief "simply clarifies and further explains Defendants' position"). It is only the very limited situation where a reply brief raises entirely new arguments that a sur-reply may be warranted. *See, e.g., Lamon v. Junious*, No. 09-cv-484, 2014 WL 298327, at *7 (E.D. Cal. Jan. 27, 2014) ("A district court has discretion to permit the filing of a surreply, but 'only where a valid reason for such an additional briefing exists, such as where the movant raises new arguments [in] its reply brief.'") (citation omitted); *Andersen v. Schwan Food Co.*, No. 13-cv-2362, 2013 WL 3989562, at *6 (N.D. Cal. Aug. 2, 2013) (similar).

Defendants identify no such new arguments here. Specifically:

- **Defendants' reply responds to arguments raised in Plaintiffs' opposition.** For example, regarding Defendants' "act of state" defense, Plaintiffs' opposition simultaneously argued that the SAC did *and* did not allege state action (Dkt. 131 at 11), and Defendants properly responded to those contradictory stances. Likewise, Plaintiffs raised the issues of agency and ratification in their opposition, to which Defendants properly replied. (Dkt. 123 at 25; Dkt. 131 at 10 & n.7.) Plaintiffs' also claimed in their opposition that "none of Plaintiffs' *tort claims* requires the Court to judge foreign policy decisions" (Dkt. 123 at 44 (emphasis added)), to which Defendants were entitled to respond (Dkt. 131 at 22). Indeed, for every topic Plaintiffs seek to address on sur-reply, Defendants merely responded to arguments made in Plaintiffs' opposition.

- **Plaintiffs, not Defendants, first introduced *Perišić*.** Plaintiffs claim that Defendants "introduce [a] repudiated ICTY case" that had not been previously cited. (Dkt. 133 at 1 (referring to *Prosecutor v. Perišić*, Case No. IT-04-81-A, Judgment (ICTY Feb. 28, 2013)).) However, *Plaintiffs* first introduced and relied on *Perišić*. (Dkt. 123 at 20.) Further, Plaintiffs' suggestion that *Perišić* has been overruled is erroneous.[1]

---

[1] Contrary to Plaintiffs' insinuation (Dkt. 133-1 at 1-2), *Perišić* was not overruled by *Prosecutor v. Šainović*, Case No. IT-05-87-A, Judgment (ICTY Jan. 23, 2014). *See* William A. Schabas, "Prosecutor Applies to Reverse Final Acquittal of Perišić," *at* http://humanrightsdoctorate.blogspot.co.uk/2014/02/prosecutor-applies-to-reverse-final.html ("[T]he Appeals Chamber cannot 'overturn' the Appeals Chamber. … [W]hat has happened is that four judges of the Appeals Chamber disagree with four other judges ….").

- **The Court is able to review the allegations in the SAC.**  Plaintiffs claim, without any detail, that Defendants' reply "mischaracterizes" the SAC, "obfuscates" dispositive issues, and asks the Court to "ignore the SAC's facts."  (Dkt. 133 at 1.)  The Court, however, is perfectly able to review the allegations in the SAC without further briefing.

- **Plaintiffs' attempt to call Defendants' expert into question is baseless.**  Defendants' reply states that the declaration of John (Hejun) Chu "establishes the now unrebutted facts that, *inter alia*, the practice of Falun Gong is prohibited under Chinese law and subject to specified penalties.  Plaintiffs do not challenge those conclusions and elected not to submit their own expert report."  (Dkt. 131 at 4 n.3 (internal citation omitted).)  Plaintiffs do not dispute that they failed to challenge these conclusions, raised in Defendants' moving brief, nor that Plaintiffs chose not to submit an expert report.[2]

If the Court nonetheless is inclined to grant Plaintiffs leave to file a sur-reply, Defendants respectfully request leave to file a response that will likewise be no longer than nine pages.

## CONCLUSION

Plaintiffs' request for leave to file a sur-reply should be denied.

DATED:   New York, New York
         February 25, 2014

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By:   /s/ Kathleen M. Sullivan
      Kathleen M. Sullivan
      Faith E. Gay
      Isaac Nesser

51 Madison Avenue, 22d Floor,
New York, New York  10010-1601
(212) 849-7000

*Attorneys for the Defendants*

---

[2] Of course, a court may consider an expert declaration on foreign law on a motion to dismiss.  *See, e.g.*, *Deutsche Zentral-Genosenchaftsbank AG v. HSBC N. Am. Holdings, Inc.*, No. 12-cv-4025, 2013 WL 6667601, at *7 (S.D.N.Y. Dec. 17, 2013) (so holding and citing cases).  Further, Plaintiffs had ample time to locate and retain their own expert on Chinese law, considering that the (identical) declaration of Mr. Chu was filed more than two years ago on August 4, 2011 (Dkt. 50) in support of Defendants' first motion to dismiss.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's ECF System.

Dated: February 25, 2014

/s/ Todd Anten
Todd Anten