1    KATHRYN LEE CRAWFORD-BOYD, ESQ. (SBN 189496)
        lboyd@srbr-law.com
2    RAJIKA L. SHAH, ESQ. (SBN 232994)
        rshah@srbr-law.com
3    **SCHWARCZ, RIMBERG, BOYD & RADER, LLP**
     6310 San Vicente Boulevard, Suite 360
4    Los Angeles, California  90048
     Phone: (323) 302-9488, Fax: (323) 931-4990
5
6    TERRI MARSH, ESQ. (*pro hac vice*)
        terri.marsh@hrlf.net
7    JORDAN S. BERMAN, ESQ. (*pro hac vice*)
        jsberman@gmail.com
8    **HUMAN RIGHTS LAW FOUNDATION**
     1615 L Street NW, Suite 1100
9    Washington, D.C.  20036
     Phone: (202) 697-3858, Fax: (323) 931-4990
10
11
12
13              **UNITED STATES DISTRICT COURT FOR THE**
         **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**
14

15   DOE I, DOE II, Ivy HE, DOE III, DOE          Case No. 5:11-cv-02449-EJD-PSGx
     IV, DOE V, DOE VI, ROE VII, Charles         Assigned to the Hon.  Edward J. Davila, U.S.D.J.
16   LEE, ROE VIII, DOE IX, LIU Guifu,
     WANG Weiyu, and those individual
17   similarly situated,                         **PLAINTIFFS' REQUEST FOR LEAVE TO FILE
                                                 A MOTION TO STRIKE DEFENDANTS'
18                                               STATEMENT OF RECENT DECISION OR, IN
                                                 THE ALTERNATIVE, PERMIT THE FILING
19                  Plaintiffs,                  OF A RESPONSE**

20           vs.
                                                 Action Filed: May 19, 2011
21   CISCO SYSTEMS, INC., John                   FAC Filed: Sept. 2, 2011
     CHAMBERS, Fredy CHEUNG, and                 SAC Filed: Sept. 18, 2013
22   DOES 1-100,
                                                 Hearing Date: March 21, 2014
23                  Defendants.                  Time: 9:00 a.m.
                                                 Dept: Courtroom 4, 5th Floor
24
25
26
27
28

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' REQUEST FOR LEAVE TO FILE A MOTION TO STRIKE DEFENDANTS' STATEMENT OF RECENT DECISION

CASE NO. 5:11-cv-02449-EJD-PSGx

## REQUEST FOR LEAVE TO FILE MOTION TO STRIKE

Plaintiffs hereby request leave of Court to file a motion to strike the Statement of Recent Decision filed by Defendants on February 24, 2014 (Docket No. 134) ("Statement") attaching the District of Maryland Opinion in *Daobin v. Cisco Systems, Inc.*, No. 8:11-cv-1538-PJM (Docket No. 63) (D. Md. Feb. 24, 2014), or, in the alternative, to allow Plaintiffs to file a response to the Statement for the reasons set forth below. Defendants characterize the *Daobin* decision as "relevant to" their motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"). *See* Statement at 1. However, as an out of circuit case, *Daobin* fails to consider the well-developed political question standards set forth in the Ninth Circuit case of *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030 (9th Cir. 1983) (reversing dismissal on political question grounds and remanding for further proceedings). Moreover, the complaint at issue in *Daobin* is fundamentally different from Plaintiffs' SAC. Basing their complaint on a skeletal imitation of Plaintiffs' earlier complaints, plaintiffs in *Daobin* described a Golden Shield apparatus comprised of <u>neutral generic products</u> useful for routine law enforcement, without any showing of how the Golden Shield's repressive <u>systems</u> were <u>customized</u> by Defendants specifically to bring about the alleged harm. Conspicuously absent in the *Daobin* complaint are the newly alleged SAC facts that specifically address the Golden Shield anti-Falun Gong systems which Defendants customized and developed to facilitate the torture and persecution of Falun Gong. *See, e.g.*, Plaintiffs' Motion for Leave to File Second Amended Complaint (Docket No. 101) at 8, 11-12, 14-16; SAC ¶¶ 4, 5, 75-87, 97-101. The *Daobin* plaintiffs failed to allege analogous torture/persecution-facilitating <u>features or functionalities integrated and customized</u> for these purposes. The grounds for Plaintiffs' requests are as follows:

1.      The ruling in *Daobin* was premised on allegations regarding the export of "neutral product[s] that can be used in innumerable non-controversial ways" (*Daobin* at 19). In contrast, Plaintiffs' allegations describe the provision by Defendants of highly customized services and product-components that were designed and developed by Defendants to work in an **<u>integrated</u>** fashion solely for the identification, capture, torture and persecution of Falun Gong believers in China. *See, e.g.*, SAC ¶ 5 ("The Golden Shield … comprises a uniquely targeted gargantuan

1

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

1    system of Falun Gong specific features integrated with the network as a whole in order to isolate

2    and suppress the religious group.  Security used the apparatus to suppress Falun Gong in

3    segregated zones of extra-legal human rights abuse"); ¶ 83 (The Internet Surveillance System "is

4    integrated with an array of systems in Cisco designs to facilitate at minimum the [] elements of

5    the '*douzheng*' campaign"); ¶ 85 ("Cisco designs integrate the Falun Gong Databases, the

6    National Falun Gong Information System for Key Personnel, and the Falun Gong Web

7    Notification System with Cisco security software systems [] … to facilitate the *zhuanhua*

8    [ideological conversion via torture]"); ¶ 98(h) ("The integration of databases with applications

9    designed to enable security at […] ad hoc detention centers facilities to successfully interrogate,

10   ideologically convert and transform [*zhuanhua*] Falun Gong suspects.").

11   2.       Unlike as alleged in *Daobin*, Defendants' exported products per se, *e.g.*, routers and other

12   hardware, played a minimal role in the Golden Shield project's facilitation of the anti-Falun Gong

13   abuses alleged here; rather, Plaintiffs allegations address Defendants' intentional **customization**

14   of those products to enable their integration with the anti-Falun Gong features of the Golden

15   Shield. *See* SAC ¶ 4 ("routers and other individual products Cisco designed and developed for the

16   Golden Shield are similarly not stand-alone generic components, but are integrated hardware and

17   software systems, i.e., 'solutions,' designed [to *douzheng* Falun Gong]"); ¶ 5 (The Golden Shield

18   "comprises a uniquely targeted gargantuan system of Falun Gong specific features integrated with

19   the network as a whole in order to isolate and suppress the religious group"); ¶ 81 ("The

20   effectiveness of the overall system depends on the integration provided by Cisco at the direction

21   of  [] San Jose of the highly customized features noted in this section with all other components").

22   3.       Accordingly, just as in the precedential binding Ninth Circuit *Northrop* case that declined

23   to dismiss on political question grounds, the legality of the export of certain products in this case

24   is irrelevant (as are the U.S. Export Administration Regulations ("EAR") themselves) to

25   Plaintiffs' claims. *See Northrop*, 705 F.2d at 1047; *contra Daobin* at 10. In contrast to *Daobin*,

26   and like *Northrop*, Plaintiffs here allege that Defendants intentionally marketed and supplied an

27   entire range of products and services specifically to facilitate torture and other abuses against

28   Falun Gong – activities which were "neither authorized nor directed by any branch of

2

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

PLAINTIFFS' REQUEST FOR LEAVE TO FILE A MOTION TO STRIKE DEFENDANTS' STATEMENT OF RECENT DECISION
Case No. 5:11-cv-02449-EJD-PSGx

1  Government." *See Northrop*, 705 F.2d at 1047 (the "challenged activity" – "improper tactics in

2  marketing" a particular product – was not a political question but rather presented "legal issues,

3  involving private commercial activity"); *see also* SAC Statement of Facts § B.1 (Defendants'

4  active solicitation of anti-Falun Gong business), § B.2 (Defendants' design of specifically anti-

5  Falun Gong systems); § B.3 (Defendants' development and provision of torture-facilitating

6  products and services).

7  4.      The EAR simply do not endorse or even permit the export of the repressive technology

8  alleged, i.e., products and services specifically developed, integrated, and used to facilitate the

9  torture and the other extralegal abuses alleged here.[1] Nor has the U.S. Congress ever in its history

10  endorsed the export of torture-facilitating components. The United States has indicated its

11  position on this matter in several consistent pronouncements. *See, e.g.,* Opp. Br. at 48.  The

12  United States is also a participating state in the Wassenaar Arrangement, which expressly

13  prohibits the export of some of the technology at issue here (Commerce Control List 2013, §

14  5.A.1.j) (regulating the export of equipment targeting individuals based on "group affiliation" and

15  other personal data), underscoring the government's position on this matter. To suggest that the

16  U.S. Congress struck a balance through the EAR that permits or even endorses the violations

17  alleged here is untenable.

18  5.      All other bases of the *Daobin* ruling are inapposite for reasons that may be set forth in a

19  written response as directed by the Court, or at oral argument.

20  Dated:  March 10, 2014                     Respectfully Submitted,

21                                            SCHWARCZ, RIMBERG, BOYD & RADER, LLP
   By:            /s/ Kathryn Lee Boyd[2]
                  Kathryn Lee Boyd

22

23                                            HUMAN RIGHTS LAW FOUNDATION
   By:            /s/ Terri E. Marsh

24                                                Terri E. Marsh, Esq. (*pro hac vice*)

25                                            Attorneys for Plaintiffs

26  _____

27  [1] *Cf. Kyllo v. United States*, 533 U.S. 27, 34 (2001) (new technology ought not erode established
   legal standards).

28  [2] I have obtained the consent of the other signatory to electronically sign this Motion on her
   behalf.

3

SCHWARCZ, RIMBERG,
BOYD & RADER, LLP
6310 San Vicente Blvd
Los Angeles, CA 90048