QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kathleen M. Sullivan (CA Bar No. 242261)
  kathleensullivan@quinnnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood City, California 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

  Faith E. Gay (*pro hac vice*)
  faithgay@quinnemanuel.com
  Isaac Nesser (*pro hac vice*)
  isaacnesser@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

Attorneys for the Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| Doe I, Doe II, Ivy He, Doe III, Doe IV, Doe V, Doe VI, Roe VII, Charles Lee, Roe VIII, Doe IX, Liu Guifu, Wang Weiyu, and those individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Cisco Systems, Inc., John Chambers, Fredy Cheung, and Does 1-100,<br><br>Defendants. | Case No. 5:11-cv-02449-EJD<br><br>**DEFENDANTS' OPPOSITION TO MOTION OF ELECTRONIC FRONTIER FOUNDATION FOR LEAVE TO FILE BRIEF AMICUS CURIAE**<br><br>Action Filed: May 19, 2011<br>Judge: Hon. Edward J. Davila<br>Dept: Courtroom 4, 5th Floor |

1    This Court should deny Electronic Frontier Foundation's ("EFF") motion for leave to file a
2 brief amicus curiae in support of Plaintiffs.   This Court has already heard two hours of argument
3 on Defendants' motion to dismiss and received over 160 pages of briefing—including a 50-page
4 opening brief, 50-page opposition, 25-page reply, 20-page historians' brief, and 15-page
5 opposition to same.   At this late date, the motion should be denied on any or all of four grounds.

6    *First*, EFF's filing represents the *sixth* instance of an attempted end-run around this Court's
7 orders and the parties' stipulations concerning the page limits on briefing of Defendants' motion
8 to dismiss.   *See* Dkt. No. 122 (order denying Plaintiffs' motion for leave to file excess pages);
9 Dkt. No. 127 (order permitting a response to Plaintiffs' 20-page historians'"amicus" brief); Dkt.
10 No. 130 (order modifying briefing and argument schedule due to "difference of opinion"
11 concerning Plaintiffs' compliance with font size and related requirements of Local Rule 3-4(c)(2));
12 Dkt. No. 136 (order denying Plaintiffs' motion for leave to file a sur-reply); Dkt. No. 140 (order
13 denying Plaintiffs' motion to strike or respond to statement of recent decision).   This Court
14 should put a firm stop to these repeated attempts at successive briefing.

15    *Second*, EFF's filing is untimely, coming months after the parties' filings were complete,
16 notwithstanding that EFF has been aware of this case since at least 2011.   *See*
17 http://www.eff.org/deeplinks/2011/08/cisco-and-abuses-human-rights-china-part-1.   EFF provides
18 no explanation—other than its own inattentiveness to the docket for seven months—for its failure
19 to seek leave in a timely manner.   *See* Dkt. No. 146 at 1; *see also* Dkt. No. 116 (endorsing
20 briefing schedule on Oct. 30, 2013).   Inattentiveness is not a valid basis for granting leave—
21 particularly here, where the Court already accepted the filing of an amicus brief in support of
22 Plaintiffs months ago.   *See* Dkt. No. 127; *California Trout v. Norton*, No. 97-cv-3779, 2003 WL
23 23413688, at *8 (N.D. Cal. Feb. 26, 2003) ("Because the court finds that the applicants could have
24 sought amicus status at an earlier stage of the litigation, the request is untimely.").

25    *Third*, EFF's filing would prejudice Defendants and create improper advantage for
26 Plaintiffs insofar as EFF seeks leave *three weeks after* oral argument was held in this case.
27 Indeed, EFF's counsel was present in the courtroom during that oral argument.   *See* Dkt. No. 146
28 at 1.   It is unfair to Defendants for EFF to provide the Court with what is effectively

supplemental argument to which Defendants now have no opportunity to reply.  *See Ass'n of Irritated Residents v. C & R Vanderham Dairy*, No. 05-cv-1593, 2007 WL 2815038, at *13 (E.D. Cal. Sept. 25, 2007) (denying application to file amicus brief days *before* oral argument because it "did not give the parties the minimal due process opportunity to respond in any meaningful way to the issues raised").  Normally, if a court needs further assistance after oral argument, it may request supplemental briefing from the parties; for EFF to insert itself for the first time into the litigation based on "questions [the Court] asked at the argument" (Dkt. No. 146 at 1) assumes, without basis, that: (1) this Court needs yet more assistance in this already heavily briefed case; and (2) such questions should be answered by an amicus and not the parties.   Neither assumption holds.

*Fourth* and finally, rather than providing "unique information or perspective that can help the court beyond the help that the lawyers from the parties are able to provide," *Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quotations omitted), the proposed amicus brief merely expands upon arguments of the sort that the litigants have already made.  It thus offers no proper assistance to the Court.  *See*, *e.g.*, *Capitol Records, LLC v. Vimeo, LLC*, No. 09-cv-10101, Dkt. No. 66 at 2 (S.D.N.Y. Dec. 21, 2012) (rejecting amicus brief that "contain[ed] many of the same arguments … raise[d] in [the parties'] motion papers") (collecting authority); *Abadia-Peixoto v. U.S. Dept. of Homeland Sec.*, 277 F.R.D. 572, 576 (N.D. Cal. 2011) ("because the motion to dismiss presents purely legal issues as to the sufficiency of the pleadings, any unique perspectives or information the proposed amici might have to offer are not especially pertinent at this juncture").

## **CONCLUSION**

The motion for leave to file an amicus brief should be denied.

DATED:   New York, New York         QUINN EMANUEL URQUHART &
         April 14, 2014                 SULLIVAN, LLP


                                   By:   /s/ Kathleen M. Sullivan

1
2
3
4
5

        Kathleen M. Sullivan
        Faith E. Gay
        Isaac Nesser

        51 Madison Avenue, 22d Floor,
        New York, New York  10010-1601
        (212) 849-7000

*Attorneys for the Defendants*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's ECF System.

Dated: April 14, 2014

      /s/ Todd Anten
      Todd Anten